**FILED**

SEP 2 6 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

*******************************
| | |
|---|---|
| **KEELY D. PARR** | * |
| 51 Rhode Island Ave. NW, #3 | * |
| Washington, D.C. 20001 | * |
| Telephone: (925) 890-9452 | * |
| | * |
| **Plaintiff,** | * |
| | * |
| **v.** | * |
| | * |
| **MASHAALLAH EBRAHIMIAN** | * |
| 7409 Prospect Hill Court | * |
| Glenn Dale, Maryland 20769; | * |
| | * |
| **RIMCOR, LLC** | * |
| 7409 Prospect Hill Court | * |
| Glenn Dale, Maryland 20769 | * |
|    <u>SERVE:</u> | * |
|    Mashaallah Ebrahimian | * |
|    7409 Prospect Hill Court | * |
|    Glenn Dale, Maryland 20769; | * |
| | * |
| **TIMOTHY WALKER** | * |
| 2810 Foxglove Way | * |
| Springdale, Maryland 20774; | * |
| | * |
|    and | * |
| | * |
| **THE WALKER GROUP, LLC** | * |
| 2810 Foxglove Way | * |
| Springdale, Maryland 20774 | * |
|    <u>SERVE:</u> | * |
|    Timothy Walker | * |
|    2810 Foxglove Way | * |
|    Springdale, Maryland 20774; | * |
| | * |
| **Defendants.** | * |

*******************************

**CIVIL ACTION NO. _____**

Case: 1:07-cv-01718
Assigned To : Friedman, Paul L.
Assign. Date : 9/26/2007
Description: Pro Se Gen. Civil

## COMPLAINT

Plaintiff Keely D. Parr brings this lawsuit against Defendants Mashaallah Ebrahimian, Rimcor, LLC, Timothy Walker, and The Walker Group, LLC and in support thereof states as follows:

### INTRODUCTION

1. Plaintiff institutes this action for rescission of the contract and damages based upon Defendants' violation of the District of Columbia Consumer Protection Procedures Act, violation of the District of Columbia Condominium Act, breach of contract, breach of the implied warranty of good faith and fair dealing, fraud, negligence and negligent misrepresentation.

### THE PARTIES

2. Plaintiff Keely D. Parr is a resident of Washington, D.C.

3. Defendant Rimcor, LLC is a limited liability company with its principal offices at 7409 Prospect Hill Court, Glenn Dale, MD 20769.

4. Defendant Mashaallah Ebrahimian, the sole member of Rimcor, LLC, is a resident of Glenn Dale, Maryland.

5. Defendant Timothy Walker is a resident of Springdale, Maryland.

6. Defendant The Walker Group, LLC is a limited liability company with its principal offices at 2810 Foxglove Way, Springdale, Maryland 20774.

### JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332.

8. This Court has personal jurisdiction over the Defendants pursuant to D.C. Code § 13-423(a)(1).

9.  Venue is proper in the District of Columbia pursuant to 28 U.S.C. §1391(a)(2) as a substantial part of the events or omissions giving rise to this action occurred in this District and a substantial part of the property that is the subject of this action is situated in this District.

## FACTS

10.  On October 25, 2006 a contract (the "Contract") for the sale of Unit #3 located at 51 Rhode Island Avenue N.W. in Washington, D.C.(the "Property") was entered into by Plaintiff and Rimcor, LLC for the sum of $369,000.00.  This Contract included: (a) a representation by Plaintiff/purchaser that she will occupy the Property as her principal residence; and (b) a Home Inspection Contingency clause.

11.  Mashaallah Ebrahimian, through Weichert Realtors, requested that Plaintiff use Red Box Settlements ("Red Box") as settlement agent and Plaintiff agreed.

12.  On or about October 23, 2006, Weichert Realtors provided Plaintiff with a Public Offering Statement for 51 Rhode Island Avenue, a Condominium (the "Statement"), which Statement was obtained from Defendant Mashaallah Ebrahimian.

13.  The Public Offering Statement contains an affidavit providing that "Mashaallah Ebrahimian, being duly sworn deposes and says: that the statements herein contained and the documents submitted are, to the best of his knowledge and belief, true and complete and that Rimcor L.L.C. is the developer of the condominium project described herein, and that he is the developer herein."  The Statement further provides that:

3

(a) "District of Columbia law requires that the original seller of condominium units disclose fully and accurately the characteristics of the condominium units being offered for sale;"

(b) "All renovation and alteration work to 51 Rhode Island Avenue, a Condominium, was and is being performed by the Declarant in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors;"

(c) "Lot 21 in Square 3112, on which 51 Rhode Island Avenue is located, is zoned "R-4" as of the date of this public offering statement."

(d) Rimcor, L.L.C. is the Declarant; and

(e) Walker Construction is the General Contractor.

14. The following Exhibits to the Public Offering Statement, which Plaintiff received on or about October 23, 2006 were blank:

(a) Exhibit III-A ("Sample Form of Certificate of Warranty");

(b) Exhibit III-B ("Condominium Plat and Plans");

(c ) Exhibit III-C ("Engineer's Report"); and

(e) Exhibit IV-A ("Declaration").

15. On or about October 23, 2006: (a) Plaintiff requested copies of these exhibits from Weichert Realtors; and (b) Weichert Realtors responded that Defendant Mashaallah Ebrahimian did not have these exhibits.

16. On or about October 30, 2006: (a) Homes Are US, Inc. performed a home inspection of Unit #3 of Rhode Island Avenue N.W. on Plaintiff's behalf; (b)

Homes Are US, Inc. issued an inspection report which it provided to Weichert Realtors; and (c) Weichert Realtors faxed this report to Defendant Mashaallah Ebrahimian. Item #11 of this inspection report states: "Side rails to circular stairs off balcony do not conform to current safety standards. Investigate to determine if units have been inspected by City. *Major Safety Hazard*" (emphasis added).

17. Prior to settlement, Plaintiff was informed by Weichert Realtors, who was informed by Mashaallah Ebrahimian that <u>all</u> inspection items had been complied with.

18. On November 17, 2006, settlement occurred and Plaintiff became the owner of the Property and occupied the premises. Since then, Plaintiff has had continuous problems.

19. On or about March 12, 2007, Plaintiff awoke to find water running down the walls behind the electrical outlet in the kitchen, staining the ceiling and soaking the walls.

20. On or about March 14, 2007, Plaintiff contracted John C. Flood, Inc. to ascertain the cause of the leak. Representatives from John C. Flood, Inc. tore a hole in the ceiling of Plaintiff's unit, ascertained that the leak was originating from the upstairs unit, and suggested that Plaintiff look through the ceiling to verify the source of the water. When Plaintiff did so, she discovered that there was less than two feet of space between her unit and the unit above.

21. On April 18, 2007, Plaintiff sent an email to Defendant Mashaallah Ebrahimian asking to see the approval the building had received to convert the premises to a four unit dwelling and requesting that Defendant provide to the Board of Directors of the condominium a copy of all plans and relevant documents.

22.  On May 7, 2007, Plaintiff received an email from one of the unit owners of 51 Rhode Island Avenue N.W. forwarding an email from the Bloomingdale list serve which stated, *inter alia*, that "Timothy Walker was involved in illegal construction, fraudulent permits and fraudulent Certificates of Occupancy (C of O), the submission of construction plans for a Bloomingdale house that really belonged to another property in Columbia Heights, working outside the applicable zoning regulations, possibly passing along some or all of these fraudulent documents to the new owner, etc." This email also contained a letter from the Office of the Zoning Administrator, District of Columbia Consumer and Regulatory Affairs revoking a Certificate of Occupancy that was the subject of an illegal conversion from a single family dwelling to a 4-unit dwelling. This email also stated that "in general, the R-4 zoning only allows 2 dwelling units per lot and no more than 3 floors."

23.  51 Rhode Island Avenue NW has four dwelling units and an extra floor was added to create the upstairs unit as a penthouse.

24.  On May 7, 2007, Plaintiff: (a) forwarded the email to Defendant Mashaallah Ebrahimian, again reminding him of Plaintiff's April 18, 2007 request for the variance for the subject premises; and (b) received the following email response from this Defendant: "I don't have a variance in hand but I did ask him *{referring to Timothy Walker}* at the time and he told me he hired a consultant to get the variance for him by using some sort of grandfathered rule. I am collecting all of these information and passing it on to my attorney."

25. On May 8, 2007, Plaintiff sent an email to Defendant Mashaallah Ebrahimian asking "Can you let us know what your attorney is planning to do and when?" As of the date of this Complaint, Plaintiff has not received a reply.

26. On or about May 16, 2007 Plaintiff visited the District of Columbia Department of Consumer and Regulatory Affairs ("DCRA") to request the public records of 51 Rhode Island Avenue NW.

27. On or about May 18, 2007, Plaintiff requested a copy of the title report and the title insurance policy from Red Box. No documents were received. As such, on or about May 31, 2007, Plaintiff reiterated her request for a copy of the title report and the title insurance policy from Red Box. On or about June 5, 2007, Red Box informed Plaintiff that the reason for the delay in the issuance of the title policy was because Red Box had to "fix" the title. On or about June 5, 2007 Plaintiff went to Red Box's office and picked up the original title insurance policy, which was backdated to November 17, 2006.

28. A week later, on or about June 12, 2007, Plaintiff again requested a copy of the title report/abstract of title from Red Box. A week later, on or about June 19, 2007, Red Box advised Plaintiff that it did not give copies of title reports to its clients and only "Sharon Rodriguez" could authorize the release of this information. Accordingly, on or about June 20, 2007, Plaintiff emailed Sharon Rodriguez of Red Box and requested the title report.

29. Finally, on or about June 20, 2007, Red Box faxed the title report to Plaintiff. The title report showed that Franklin Johnson Jr. was the owner of Plaintiff's unit since May 9, 2006.

30. Rimcor LLC used Red Box and Sharon Rodriguez to close on the sale of all units. Defendant Mashaallah Ebrahimian knew that, on the date of settlement, Rimcor LLC did not have title to Plaintiff's unit.

31. On or about June 18, 2007, Plaintiff obtained from DCRA: (a) a list of certificates of occupancy issued for 51 Rhode Island Avenue N.W. This list contained two Certificates of Occupancies: one dated 07/30/1956 to Hortense Finley Strickland and Ernest James, and the other dated 11/24/2004 and issued to Timothy Walker; and (b) a copy of the Certificate of Occupancy ("C of O") issued to Timothy Walker on 11/24/2004.

32. The C of O issued to Timothy Walker states that it was issued for a "Use Change." It further provides on its face (referring to the C of O): "...**IS NOT TRANSFERABLE** to another person or premises under **ANY** conditions. **ANY CHANGE** in the type of business, ownership of business, or part of premises used thereof, will render this certificate **VOID** and a **NEW** certificate must be obtained."

33. Rimcor, LLC purchased 51 Rhode Island Avenue NW from Timothy Walker in 2005. Rimcor LLC: (a) did not file for a Certificate of Occupancy for the change in ownership of subject premises; (b) did not file for a Certificate of Occupancy post-construction and prior to offering the unit for sale to the Plaintiff; (c) did not possess a certificate of occupancy at the time of contract formation or at the time of settlement, and still does not possess a certificate of occupancy for subject building; and (d) did not obtain the necessary inspections and final sign-off from DCRA prior to offering the condominium unit for sale to the Plaintiff.

34.   On or about June 18, 2007 Plaintiff obtained from DCRA the building permit issued for 51 Rhode Island Avenue N.W, which had been issued by DCRA on November 19, 2004 to Timothy Walker. The permit states the authorized work and conditions of performance thereof: "To convert existing SFD to 4-Unit Apt. house as per plans."

35.   On or about June 18, 2007, Plaintiff placed a request with the Condo Conversion unit of DCRA for the missing exhibits of the Public Offering Statement which had originally been provided by Defendant Mashaallah Ebrahimian. On or about June 20, 2007, Plaintiff picked up a copy of these exhibits from DCRA. Missing Exhibit III-C, characterized as an "Engineer's Report" in the Public Offering Statement, is not an engineer's report but, rather, is no more than a Survey.

36.   This Survey is devoid of any reference to 51 Rhode Island Avenue NW, is not dated nor signed, nor is any reference made as to the issuer of the survey; however the document was submitted by The Walker Group LLC. The Survey states: "The investigation was limited to visual observation of readily accessible systems and components during a walk through of accessible areas."

37.   On or about June 20, 2007 Plaintiff spoke with the Deputy Director of the Board of Zoning Adjustment, whom, after checking the records informed Plaintiff that no variance had been issued for 51 Rhode Island Avenue NW.

38.   On July 4, 2007, Plaintiff sent a demand letter to Defendants Mashaallah Ebrahimian and Rimcor, LLC requesting rescission of the Contract. On or about July 27, 2007, Plaintiff received a response letter from Defendant's attorney

informing her, *inter alia*, that the demand would not be met, as The Walker Group, LLC was also responsible for the conversion of the property.

39.  On or about September 13, 2007 Plaintiff was informed by First American Title Insurance Company that Red Box had lost all of Plaintiff's original documents, including the deed, which was <u>never</u> recorded.

## IMPOSITION OF LIABILITY/PIERCING THE CORPORATE VEIL

40.  Corporate officers are personally liable for torts which they commit, participate in, or inspire even though the acts are performed in the name of the corporation.

41.  Defendant Mashaallah Ebrahimian fraudulently induced Plaintiff to purchase unit #3 of 51 Rhode Island Avenue N.W., as described herein.

42.  Defendants Mashaallah Ebrahimian and Rimcor, LLC should be held jointly and severally liable for the reasons as stated herein:

 (a)  Mashaallah Ebrahimian is the sole member of Rimcor LLC.

 (b)  Mashaallah Ebrahimian and Rimcor LLC share the same address.

 (c)  Mashaallah Ebrahimian controlled and participated in all of the acts and practices that are the subject of this action.

 (d)  Rimcor LLC was used to perpetuate the fraud as alleged herein.

 (e)  Rimcor LLC registered with the Maryland Department of Assessments and Taxation in June of 2005.

 (f)  Rimcor LLC purchased 51 Rhode Island Avenue NW in July of 2005.

 (g)  Consideration of justice and equity justifies piercing the corporate veil.

(h)   By letter dated July 24, 2007, Defendant's lawyer states: "At the present time, Rimcor LLC is a limited liability company in good standing, without any assets to its name."

(i)   As of August 30, 2007, the Maryland Department of Assessments and Taxation does not show that Rimcor, L.L.C. is in good standing.

(j)   Rimcor, LLC was formed for the sole purpose of shielding the personal assets of Mashaallah Ebrahimian.

43.   Defendants Timothy Walker and The Walker Group, LLC should be held jointly and severally liable for the reasons as stated herein:

(a)   Timothy Walker, Walker Construction and The Walker Group, LLC all share the same address.

(b)   As per the Maryland Department of Assessments and Taxation, Walker Construction is not a separate entity either incorporated or registered in the State of Maryland nor is Walker Construction registered as a fictitious trade name.

(c)   The building permit and certificate of occupancy were issued to Timothy Walker.

(d)   Timothy Walker controlled and participated in all of the acts and practices that are the subject of this action.

(d)   The Walker Group LLC was used to perpetuate the fraud as alleged herein.

(e)   Consideration of justice and equity justifies piercing the corporate veil.

11

## COUNT I

### VIOLATION OF THE D.C. CONSUMER PROTECTION PROCEDURES ACT
### (D.C. Code § 28-3901, *et seq.*)
(All Defendants)

44.    Plaintiff realleges and incorporates by reference all the allegations contained in paragraphs 1 through 43 and further alleges as follows:

45.    Defendants have violated the District of Columbia Consumer Protection Procedures Act, D. C. Code § 28-3901, *et seq.* (hereinafter the "CPPA") by:

(a) misrepresenting that Defendant had title to the premises on the date of settlement;

(b) misrepresenting that the home inspection report had been complied with;

(c) misrepresenting in the Public Offering Statement that all renovation and alteration work was performed in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors;

(d) failing to state in the Public Offering Statement that 51 Rhode Island Avenue NW was originally a Single Family Dwelling that was converted into a 4-unit dwelling;

(e) continuously misrepresenting in the Public Offering Statement that the units were "renovated."

46.    Intending for Plaintiff to rely on these misrepresentations, Defendants willfully violated the CPPA by deception, fraud, misrepresentation, concealment and the

omission of material facts related to the promotion and sale of the condominium unit.

47. Plaintiff, who is among the class of people that the CPPA was designed to protect, did reasonably rely on Defendants misrepresentations to her detriment.

48. As the direct and proximate result of these acts and omissions by Defendants in violation of the CPPA as described herein, Plaintiff has sustained damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(a)    Treble damages in the amount of $1,272,000.00;

(b)    Punitive damages in the amount of $500,000.00;

(c)    pre- and post-judgment interest as permitted by law;

(d)    reasonable costs and expenses; and

(e)    such other relief as this Court may deem just and proper.

## Count II
## VIOLATION OF THE D.C. CONDOMINIUM ACT
## (D.C. Code § 42-1901, et seq.)
### (All Defendants)

49. Plaintiff realleges and incorporates by reference all the allegations contained in paragraphs 1 through 48 and further alleges as follows:

50. Section 42-1904.04(a) of the D.C. Condominium Act provides that a public offering statement shall disclose fully and accurately the characteristics of the condominium and the units therein offered and shall make known to prospective purchasers all unusual and material circumstances or features affecting the condominium.

13

51.   Defendants warranted that "all renovation and alteration work was and is being performed in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors." That warranty was false, and Defendants intentionally made that warranty while knowing it was false.

52.   In violation of the Condominium Act, Defendants performed or caused to be performed renovation work in contravention of applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, and without obtaining the approval of the District of Columbia housing inspectors.

53.   Contrary to Defendants' affidavit that the Public Offering Statement is true and complete, the Statement that Defendants submitted to the Government of the District of Columbia and to Plaintiff contained material omissions and material misrepresentations of fact, in violation of the Condominium Act. Defendants were aware of these omissions and misrepresentations at the time they were submitted.

54.   As a direct and proximate result of Defendants' material omissions and material misrepresentations of fact, Plaintiff has sustained damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(a)   compensatory damages in the amount of $424,000.00;

(b)   rescission to place the Plaintiff in *status quo ante;*

(c)   Punitive damages in the amount of $500,000.00;

(d)   pre- and post-judgment interest as permitted by law;

(e)   reasonable costs and expenses; and

(f)     such other relief as this Court may deem just and proper.

## Count III
## **BREACH OF CONTRACT**
(Defendants Mashaallah Ebrahimian and Rimcor, LLC)

55.  Plaintiff realleges and incorporates by reference all the allegations contained in paragraphs 1 through 54 and further alleges as follows:

56.  Through the Public Offering Statement, Defendants offered Plaintiff a condominium that they represented was, *inter alia*, "renovated" and constructed "in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the condominium, or as otherwise approved by District of Columbia housing inspectors."

57.  Plaintiff entered into a Contract with Defendant pursuant to which Plaintiff agreed to pay Defendant $369,000.00 and Defendant agreed to sell to Plaintiff a condominium unit as represented in the Public Offering Statement.   Plaintiff complied with her contractual obligations to purchase condominium unit #3 at 51 Rhode Island Avenue NW.

58.  Defendants' owed a duty to Plaintiff to perform as indicated in the contract. However, contrary to their obligations under the Contract, Defendants materially breached their duties to Plaintiff by:

(a) failing to have title to subject premises on the date of conveyance, and purposely and knowingly failing to disclose this fact;

(b) fraudulently asserting that all inspection items had been complied with when Defendant knew that the City had never inspected the balcony stairs;

(c) failing to secure a certificate of occupancy for subject premises;

(d) failing to have the required inspection from DCRA ensuring that the unit was safe for habitation; and

(e) failing to secure a variance for a 4-unit multiple dwelling at subject premises.

As no certificate of occupancy was issued to Rimcor LLC post-construction, the only permitted use for 51 Rhode Island Avenue N.W. was as a one-family dwelling unit.

59.  As a direct and proximate result of these breaches of contract, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(a)  Rescission to place the Plaintiff in *status quo ante*;

(b)  special damages in the amount of $55,000.00;

(c)  punitive damages in the amount of $500,000.00;

(d)  pre- and post-judgment interest as permitted by law;

(e)  reasonable costs and expenses; and

(f)  such other relief as this Court may deem just and proper.

**Count IV**
## BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING
(Defendants Mashaallah Ebrahimian and Rimcor, LLC)

60. Plaintiff realleges and incorporates by reference all the allegations contained in paragraphs 1 through 59 and further alleges as follows:

61. Pursuant to District of Columbia law, there is an implied duty of good faith and fair dealing in every contract that requires each party to do nothing to interfere with the right of the other party to receive the benefits of the contract.

62. Defendants knew, or through the exercise of reasonable care, should have known:

(a) that Plaintiff intended to occupy the subject premises as a principal residence and that Plaintiff was moving from California to the District of Columbia for this purpose as Plaintiff had accepted a job in the District;

(b) that there was no Certificate of Occupancy for the subject premises and, as such, Plaintiff cannot use subject premises for its intended purpose, *i.e.* as a residence; and

(c) that the required inspections to ensure that this property was safe to inhabit were never performed by District of Columbia inspectors, despite the assurances made by Defendants in the Public Offering Statement that all renovation had been otherwise approved by District housing inspectors.

63. Defendants thereby breached their duty of good faith and fair dealing with Plaintiffs by affirmatively misrepresenting and withholding from Plaintiff the true nature of subject premises.

64. As a direct and proximate result of Defendants' breach, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(a)  rescission to place the Plaintiff in *status quo ante*;

(b)  special damages in the amount of $55,000.00;

(c)  pre- and post-judgment interest as permitted by law;

(d)  reasonable costs and expenses; and

(e)  such other relief as this Court may deem just and proper.

### Count V
### FRAUD
(All Defendants)

65.  Plaintiff realleges and incorporates by reference all the allegations contained in paragraphs 1 through 64 and further alleges as follows:

66.  Defendants owed Plaintiff an affirmative duty to disclose fully and accurately the characteristics of the condominium and the units therein; to disclose all unusual and material circumstances or features affecting the condominium; and a general duty not to make false and fraudulent statements to Plaintiff with respect to the condominium and not to conceal relevant and material facts regarding the condominium.

67.  Defendants intentionally and knowingly failed to disclose that:

(a) he did not have title to the premises on the date of settlement;

(b) he did not have a certificate of occupancy for subject premises;

(c) the home inspection contingency clause in the Contract had never been complied with as no District of Columbia inspector had ever inspected the side rails of the balcony;

(d) the subject premises were never inspected by DCRA in compliance with D.C. Municipal Regulations;

(e) the subject premises was originally a single family dwelling that was converted into a 4-unit multiple dwelling;

(f) he did not have a variance for the subject premises to be a 4-unit multiple dwelling.

68.     Defendants knowingly and fraudulently affirmed in the Public Offering Statement that all renovation and alteration work was performed in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors. Defendants knew this affirmation was false at the time they made it, and they made the affirmation with the intent and purpose of having Plaintiff reply upon it.

69.     Defendant Mashaallah Ebrahimian fraudulently affirmed in the Public Offering Statement that the statements contained therein and the documents submitted are, to the best of his knowledge and belief, true and complete. This Defendant knew that his affirmation was false at the time he made it and continues to make it, and he made the affirmation with the intent and purpose of having Plaintiff reply upon it.

70.     Defendants continuously misrepresent in the Public Offering Statement that the units were renovated when in fact they were nonexistent prior to the construction of

19

the premises in 2005. Defendants knew this representation was false at the time they made it and continue to make it, and they made the misrepresentation with the intent and purpose of having Plaintiff reply upon it.

71.   Defendant made these representations, and failed to make these disclosures to Plaintiff, with a reckless disregard for the truth.

72.   Defendants' statements, representations, and omissions were material in that there was a substantial likelihood that a reasonable Plaintiff would have relied upon them in deciding whether or not to purchase a condominium at 51 Rhode Island Avenue N.W. Defendants failed to disclose to Plaintiff, and misrepresented material facts to Plaintiff, with the intent to deceive Plaintiff and with the intent to induce Plaintiff to rely upon these fraudulent misrepresentations and omissions so as to close on the purchase of the subject premises in the amount of $369,000.00.

73.   Plaintiff reasonably relied on these omissions and fraudulent misrepresentations. Based upon Defendants' misrepresentations and omissions, Plaintiff reasonably believed that she was purchasing a condominium that was constructed in conformity with the zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors. Based upon Defendants' misrepresentations and omissions, Plaintiff reasonably believed that she was purchasing a condominium which existed as part of the original construction of cited premises circa 1901.

74.   As a direct and proximate result of Defendant's failure to disclose and material misrepresentations, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(a)    compensatory damages in the amount of $424,000.00;

(b)    punitive damages in an amount of $500,000.00;

(c)    pre- and post-judgment interest as permitted by law;

(d)    reasonable costs and expenses; and

(e)    such other relief as this Court may deem just and proper.

### Count VI
### NEGLIGENCE
(All Defendants)

75.    Plaintiff realleges and incorporates by reference all the allegations contained in paragraphs 1 through 74 and further alleges as follows:

76.    Defendants owed Plaintiff a duty to exercise reasonable care in the marketing, selling, advertising and otherwise promoting of the condominium unit to Plaintiff. Defendants owed Plaintiff an affirmative duty to disclose fully and accurately the characteristics of the condominium and the units therein and to disclose all unusual and material circumstances or features affecting the condominium.

77.    At all times relevant to this suit, the regulations and codes alleged in this Complaint establish the applicable standard of care governing the construction, renovation and the offering of sale of condominium units to the public. These regulations and codes were promulgated to preserve and promote public health, safety and welfare and to protect the public from unsafe conditions, and they were intended to protect persons in Plaintiff's position -- i.e., purchasers of condominium units and prevent

the type of injuries that Plaintiff has suffered (including the ownership of a substandard and unsafe condominium).

78.  Defendants breached the duty of care:

(a) by not obtaining a certificate of occupancy upon purchase of the building in contravention of 12 DCMR § 118;

(b) by not obtaining a certificate of occupancy whereby the building is found to be in compliance with applicable zoning regulations and the building code PRIOR to units being available for use/sale in contravention of 11 DCMR § 3203.4;

(c) by not having subject premises inspected to ensure that the building was safe to inhabit in contravention of 12 DCMR § 118 and 12A DCMR § 109A;

(d) by affirming in the Public Offering Statement that all renovation and alteration work was performed in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors;

(e) by not disclosing that he did not have title to the premises on the date of the contract formation through the date of settlement;

(f) by not disclosing that he did not have a certificate of occupancy for 51 Rhode Island Avenue NW;

(g) by not disclosing that the required inspections were not performed for subject premises;

(h) by failing to disclose that the required variance for subject premises had not been secured;

(i) by failing to disclose that the premises was originally a single family dwelling that was converted to a 4-unit dwelling; and

(j) by consistently and continuously misrepresenting the units as "renovated."

79. Defendants' breaches of their statutory duties to Plaintiff by failing to exercise reasonable care as described herein, constitutes negligence.

80. As a direct and proximate result of Defendants' breaches of their duty of care, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(a) compensatory damages in the amount of $424,000.00;

(b) pre- and post-judgment interest as permitted by law;

(c) reasonable costs and expenses; and

(d) such other relief as this Court may deem just and proper.

## Count VII
## NEGLIGENT MISREPRESENTATION
(All Defendants)

81. Plaintiff realleges and incorporates by reference all the allegations contained in paragraphs 1 through 80 and further alleges as follows:

82. Defendants owed Plaintiff a duty to exercise reasonable care to ensure that the disclosures contained in the Public Offering Statement were complete and accurate and included all unusual and material circumstances affecting the condominium. Defendants owed Plaintiff a duty to exercise reasonable care in the marketing, selling, advertising and otherwise promoting of the condominium unit to Plaintiff.

83.   Defendants negligently failed to disclose that:

(a) he did not have title to the premises on the date of settlement;

(b) he did not have a certificate of occupancy for subject premises;

(c) the home inspection contingency clause in the Contract had never been complied with as no District of Columbia inspector had ever inspected the side rails of the balcony;

(d) the subject premises were never inspected by DCRA in compliance with D.C. Municipal Regulations;

(e) the subject premises was originally a single family dwelling that was converted into a 4-unit multiple dwelling;

(f) he did not have a variance for the subject premises to be a 4-unit multiple dwelling.

84.   Defendants negligently affirmed in the Public Offering Statement that all renovation and alteration work was performed in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors. Defendants knew, or through the exercise of reasonable care, should have known that this affirmation was false at the time they made it.

85.   Defendant Mashaallah Ebrahimian negligently affirmed in the Public Offering Statement that the statements contained therein and the documents submitted are, to the best of his knowledge and belief, true and complete. This Defendant knew, or through the exercise of reasonable care, should have known that his affirmation was false at the time he made it and continues to make it.

86. Defendants negligently misrepresent in the Public Offering Statement that the units were renovated when in fact they were nonexistent prior to the construction of the premises in 2005. Defendants knew, or through the exercise of reasonable care, should have known, that this representation was false at the time they made it and continue to make it.

87. Defendant negligently made these representations, and failed to make these disclosures to Plaintiff, with a reckless disregard for the truth.

88. Defendants breached their duty of care by negligently failing to disclose and misrepresenting material facts to Plaintiff.

89. Defendants' statements, representations, and omissions were material in that there was a substantial likelihood that a reasonable Plaintiff would have relied upon them in deciding whether or not to purchase a condominium at 51 Rhode Island Avenue N.W.

90. Plaintiff reasonably relied on these omissions and negligent misrepresentations. Based upon Defendants' misrepresentations and omissions, Plaintiff reasonably believed that she was purchasing a condominium that was constructed in conformity with the zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors. Based upon Defendants' misrepresentations and omissions, Plaintiff reasonably believed that she was purchasing a condominium which existed as part of the original construction of cited premises circa 1901.

91. As a direct and proximate result of Defendants' breaches of their duty of care, Plaintiff suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, as follows:

(a)    compensatory damages in the amount of $424,000.00;

(b)    punitive damages in an amount of $500,000.00;

(c)    pre- and post-judgment interest as permitted by law;

(d)    reasonable costs and expenses; and

(e)    such other relief as this Court may deem just and proper.

Respectfully submitted,

Keely D. Parr, *Pro se*
51 Rhode Island Avenue NW, #3
Washington, D.C, 20001
925-880-7452

*E-1718*
*PLF*

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Keely D. Parr | Mashaallah Ebrahimian; Rimcor, LLC; Timothy Walker and The Walker Group, LLC |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF   11001 <br> (EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT   88888 <br> (IN U.S. PLAINTIFF CASES ONLY) <br> NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED |
|---|---|

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

51 Rhode Island Ave NW #3
Washington, DC 20001
925-890-9452

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-01718
Assigned To : Friedman, Paul L.
Assign. Date : 9/26/2007
Description: Pro Se Gen. Civil

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- O 1 U.S. Government Plaintiff
- O 2 U.S. Government Defendant
- O 3 Federal Question (U.S. Government Not a Party)
- ⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP ...
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) **FOR DIVERSITY CASES ONLY!**

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | O 1 | Incorporated or Principal Place of Business in This State | O 4 | O 4 |
| Citizen of Another State | O 2 | ⊙ 2 | Incorporated and Principal Place of Business in Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | O 6 | O 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and **one** in a corresponding Nature of Suit)

**O A. Antitrust**

☐ 410 Antitrust

**O B. Personal Injury/ Malpractice**

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

**O C. Administrative Agency Review**

☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**O D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

**O E. General Civil (Other)    OR    ⊙ F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☒ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

④

| ○ **G. Habeas Corpus/ 2255** | ○ **H. Employment Discrimination** | ○ **I. FOIA/PRIVACY ACT** | ○ **J. Student Loan** |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| ○ **K. Labor/ERISA (non-employment)** | ○ **L. Other Civil Rights (non-employment)** | ○ **M. Contract** | ○ **N. Three-Judge Court** |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding  ○ 2 Removed from State Court  ○ 3 Remanded from Appellate Court  ○ 4 Reinstated or Reopened  ○ 5 Transferred from another district (specify)  ○ 6 Multi district Litigation  ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)**
28 USC 1332; Breach of contract, fraud, negligence, violation of DC Condominium Act, violation of DC Consumer Protection Procedures Act;

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** 1,272,000.00  **JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☐   NO ☒ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY** *n.F.*  (See instruction)  YES ☐  NO ☒   If yes, please complete related case form.

DATE  09/26/07   SIGNATURE OF ATTORNEY OF RECORD  _(signature)_

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.  CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.  CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.  CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.