IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEELY D. PARR, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:07-cv-01718 (PLF) |
| | ) |
| MASHAALLAH EBRAHAMIAN, et al., | ) |
| | ) |
| Defendants. | ) |

## DEFENDANTS MASHAALLAH EBRAHIMIAN AND RIMCOR, LLC'S MOTION TO DISMISS

Defendants Mashaallah Ebrahimian and Rimcor, LLC, by counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), move this Court to dismiss Counts I - VII of the Complaint. The grounds for this Motion are fully set forth in the accompanying Memorandum.

Respectfully submitted,

/s/
Robert C. Gill (DC Bar # 413163)
Shannon H. Bates (DC Bar # 480186)
Saul Ewing LLP
2600 Virginia Avenue, N.W., Suite 1000
The Watergate
Washington, D.C. 20037
(202) 295-6605 Tel.
(202) 295-6705 Fax

*Counsel for Defendants Mashaallah Ebrahimian and Rimcor, LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEELY D. PARR,<br><br>       Plaintiff,<br>v.<br><br>MASHAALLAH EBRAHAMIAN, et al.,<br><br>       Defendants. | )<br>)<br>)<br>)<br>)  Civil Action No. 1:07-cv-01718 (PLF)<br>)<br>)<br>)<br>) |

## DEFENDANTS MASHAALLAH EBRAHIMIAN AND RIMCOR, LLC'S MEMORANDUM IN SUPPORT OF THEIR MOTION TO DISMISS

Defendants Mashaallah Ebrahimian ("Ebrahimian") and Rimcor, LLC ("Rimcor") (Ebrahimian and Rimcor shall be collectively referred to as "Defendants"), by counsel, submit the following memorandum in support of their motion to dismiss:

### FACTUAL BACKGROUND

Plaintiff is an attorney who purchased a condominium from Rimcor. Rimcor had previously acquired the property from Defendant Timothy Walker. Plaintiff attempted to re-sell the condominium, but had no success in doing so in this declining real estate market. Plaintiff subsequently filed this action seeking, *inter alia,* rescission of the sales contract she entered into with Rimcor for the purchase of the condominium.

Plaintiff entered into a contract to purchase Unit # 3 of a condominium located at 51 Rhode Island Avenue, N.W. in Washington, D.C. (the "Property") on October 25, 2006. (Complaint at ¶ 10). Plaintiff obtained a home inspection of the Property on October 30, 2006. (Complaint at ¶ 16). Plaintiff went to settlement on the Property on November 17, 2006. (Complaint at ¶ 18).

## **ARGUMENT**

A plaintiff's obligation to plead the grounds for his entitlement to relief under Rule 8(c) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, No. 05-1126, slip op. at 8 (U.S. May 21, 2007) (citation omitted). In this matter, Plaintiff has made only generalized allegations or conclusions, and has failed entirely to plead any facts showing any entitlement to relief.

It is clear that the "plain statement" required by Rule 8(c) must possess enough factual detail or "heft" to show that the pleader is entitled to relief. Id. at 10. Plaintiff has utterly failed to satisfy this standard. As shown below, Plaintiff also has failed to satisfy the more stringent pleading standard set forth in Rule 9(b).

When a complaint does not raise a claim of entitlement to relief "'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court'" Id. at 11 (citations omitted).

For these reasons the Complaint fails to meet the pleading requirements of Rules 8(c) and 9(b), and should be dismissed at this time for failure to state a valid claim.

### I. THE CONSUMER PROTECTION PROCEDURES ACT CLAIM (COUNT I)

Plaintiff's Consumer Protection Procedures Act (the "Act") claim is based on alleged fraudulent misrepresentations and failure to disclose facts. (See Complaint at ¶¶ 45 and 46.) Plaintiff, however, fails to sufficiently state a claim under the Act. Her allegations simply do not meet the requirements of pleading a fraud claim. And, even if Plaintiff could be deemed to have sufficiently stated a claim for fraud, she cannot claim reasonable reliance on the public offering statement's alleged failure to disclose that the building within which she lives "was originally a Single Family Dwelling that was converted into a 4-unit dwelling", since that fact is obvious and

apparent from a viewing of the Property. Plaintiff further cannot rely on the public offering statement's purported misrepresentation that the condominium units were "renovated", and has similarly failed to allege how this representation is untrue and how she has been damaged.

In the District of Columbia, "fraud is the concealment of a fact which should have been disclosed, or is the representation of the existence of a material fact which did not exist. That representation must be positively made knowing it to be false, or recklessly and positively made without knowledge of its truth. The party to whom the representation is made must not only be warranted in accepting it, but he must actually accept it, and relying on its truth, act as contemplated by the party making it." Jacobs v. District Unemployment Compensation Board, 382 A.2d 282, 286 (D.C. 1978) (quoting Premier Poultry Co. v. Wm. Bornstein & Son, 61 A.2d 632, 634 (D.C. 1948) (quotation omitted)). See also Caulfield v. Stark, M.D., 893 A.2d 970, 974 (D.C. 2006) (stating that the essential elements of fraud are: "(1) a false representation, (2) in reference to material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) action taken in reliance upon the representation."). In addition, a plaintiff must show that "provable damages" resulted from the fraud. Dresser v. Sunderland Apartments Tenants Ass'n, 465 A.2d 835, 839 (D.C. 1983). Further, Federal Rule of Civil Procedure 9(b) requires that the circumstances attendant to a claim of fraud "shall be stated with particularity."

### A. Plaintiff has failed to state a claim for fraud under the Act with the requisite specificity.

In order to state a claim of fraud with particularity, a party must plead with particularity the "time, place, and content of the false misrepresentations, the misrepresented fact, and what the opponent retained or the claimant lost as a consequence of the alleged fraud." Chelsea Condo. Unit Owners Assoc. v. 1815 A St., 468 F. Supp. 2d 136, 146 (D.D.C. 2007). In the instant case, Plaintiff does not sufficiently articulate what misrepresentations Defendants

purportedly made. Plaintiff, for example, does not identify what work pursuant to the home inspection report Defendants failed to conduct despite Defendants' alleged representation that "all inspection items had been complied with." (Complaint at ¶ 17). In fact, Plaintiff refers to the inspection report but does not include it as an exhibit to her Complaint. The report is the best evidence of what it says. Plaintiff's failure to attach the report to the Complaint fails to put Defendants and the Court on notice of those items with which Defendants purportedly did not comply, and consequently constitutes a failure to plead fraud with the requisite particularity. This is also true with respect to Plaintiff's claims regarding the public offering statement. Plaintiff did not attach this statement to her Complaint either.

Further, Plaintiff claims that Defendants misrepresented at settlement that they had title to the Property when a Franklin Johnson Jr. actually had title to the Property. (See Complaint at ¶¶ 29 and 45(a)). Plaintiff admits, however, that title to the Property had been "fix[ed]" (See Complaint at ¶ 27), and she makes no allegations that she does not properly retain title to the Property or state a claim to quiet title. In a nutshell, Plaintiff has not incurred *any* damage pursuant to this alleged misrepresentation. Moreover, to the extent there was a problem with title, it is the settlement company's fault, Red Box, and not the fault of Defendant. Red Box, however, is a party against whom Plaintiff did not deem it necessary to file suit.

Finally, Plaintiff has failed to set forth how she has been damaged beyond her conclusory statement that she "has sustained damages" (Complaint at ¶ 48). She has not identified what she has "lost as a consequence of the alleged fraud." Chelsea Condo. Unit Owners Assoc., 468 F. Supp. 2d at 146. See also Hoyte v. Yum! Brands, Inc., 489 F. Supp. 2d, 24, 28 – 29( D.D.C. 2007) (discussing that a plaintiff cannot maintain an action under the Act without an actual or threatened injury). This is fatal to her claim.

**B.    Plaintiff cannot claim fraud for not disclosing that the Unit was created from a single family house.**

Plaintiff also claims fraud for the alleged failure to disclose that the Property is a condominium created from a single family house. However, it is well-settled that one may not claim reliance upon facts which are obvious and immediately apparent.

"When the means of knowledge are open and at hand, and furnished to the purchaser or his agent, and no effort is made to prevent the party from using them, and especially where the purchaser undertakes examination for himself, he will not be heard to say that he has been deceived to his injury by the misrepresentations of the vendor." Goldsten v. Burka, 43 A.2d 712, 713 (D.C. 1945), citing Lipschutz v. Phillips, 273 F. 748, 751, 51 App. D.C. 20 (1921).

It is well-established in the District of Columbia and elsewhere that a party may not claim reasonable reliance as an element of fraud as a means to save him from the consequences of his own inattention and carelessness. Rather, a claimant must show that he was actually misled to his injury. Furness, Withy & Co. v. Sutherland, 26 F.2d 1004, 1005, 58 App. D.C. 226 (1928); Loughlin v. U.S.A., 230 F. Supp. 2d 26, 50 (D.D.C. 2002) ("The doctrine of caveat emptor precludes a purchasers' recovery for real estate defects, where, among other things, the defect is observable and discoverable by an ordinarily prudent person upon reasonable inspection.") (citations omitted). In this case, even if Plaintiff can in good faith make the assertion that she did not know the Property is located in what previously was a single family house, she cannot recover for her refusal to discern the obvious.

**C.    Plaintiff cannot claim fraud for the statement that the Property was renovated.**

Plaintiff claims fraud for the representation that units were "renovated." Plaintiff has once again failed to allege fraud with the requisite particularity.

The term renovation is a generic claim, and does not suggest that specific items of work were done. See Yum! Brands, Inc., 489 F. Supp. 2d at 30 (finding that KFC's claims that its restaurants serve the "best food" is "a non-measurable, bald statement of superiority that is non-actionable puffery[,]" akin to "a merchant's boasts about his product being 'the best' or of the 'highest quality'".) (citations and quotations in the original omitted).

Moreover, even if a claim that property was renovated can supply the basis for a claim, Plaintiff fails to allege what specific work purportedly should have been done but was not, and also fails to allege how she has been damaged. For these reasons Plaintiff has again failed to state a valid claim.

## II. THE D.C. CONDOMINIUM ACT CLAIM (COUNT II)

Plaintiff's allegations in Count II of her Complaint are essentially the same as those set forth in Count I. For the reasons stated above, Plaintiff has failed to state a valid claim based on those allegations.

In addition, Plaintiff has failed to state a claim under the Condominium Act. This statute does not provide for remedies beyond those available at common law. Dresser v. Sunderland Apts. Tenants Assn., 465 A2d 835, 839 note 14 (1983).

## III. THE BREACH OF CONTRACT CLAIM (COUNT III)

Plaintiff has failed to state a claim for breach of contract. As a general matter, real estate contracts are merged into any deed of conveyance, do not survive a closing and have no independent significance after settlement when the deed is delivered to the grantee. See, e.g., Haviland v. Dawson, 210 A.2d 554, 554 (D.C. 1965). To the extent that Plaintiff claims some exception or limitation on this principle, she has failed to articulate a basis for her claim.

In addition, Plaintiff fails to state a valid claim for the reasons set forth below:

(a)     Plaintiff admits that title to the Property was "fixed" by the settlement agent, Red Box. (Complaint at ¶ 27).

(b)     Plaintiff alleges that balcony stairs were not inspected, but does not allege that the stairs are defective or unsafe. If the stairs are unsafe, Plaintiff fails to allege why.

(c)     Plaintiff alleges that Rimcor failed to obtain a certificate of occupancy for the Property, but fails to allege why Rimcor was obligated to obtain a certificate of occupancy since Rimcor never occupied the Property. By Plaintiff's own admission, a certificate of occupancy is not transferable. (Complaint ¶ 32). It was Plaintiff's duty to obtain a certificate of occupancy attendant to her own occupancy.

(d)     Plaintiff fails to allege how, if at all, the Unit is not fit for habitation.

(e)     Plaintiff alleges that a variance is required, but fails to allege how the purported failure to obtain a variance has damaged her, since she continues to live in the Property by her own admission. (See, e.g., Complaint at ¶ 18). For these reasons, Plaintiff has failed to state a valid breach of contract claim and it should be dismissed.

### IV. BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING (COUNT IV)

"In every contract there is an implied covenant that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract, which means that in every contract there exists an implied covenant of good faith and fair dealing." Hill v. Medlantic Health Care Group, Nos. 05-CV-776 & 05-CV-806, 2007 D.C. App. LEXIS 585, at *44 (D.C. Oct. 4, 2007). Thus, a pre-existing, valid and enforceable contract must exist in order to bring a claim for breach of implied duty of good faith and fair dealing. See id.; Cf. Kerrigan v. Britches of Georgetown, Inc., 705 A.2d 624, 627 (D.C. 1997) (confirming that an at-will employee is not protected by an implied covenant of good faith

and fair dealing and therefore such a claim by an at-will employee is not actionable). As discussed in Section III above, Plaintiff has failed to bring a valid contract claim. Without a valid contract claim, no claim for breach of implied duty of good faith and fair dealing can be brought. This claim should be dismissed.

## V. FRAUD IN THE INDUCEMENT (COUNTS V & VII)

Although Plaintiff characterizes Count VII as a claim for "Negligent Misrepresentation", a reading of Count VII reveals that Plaintiff actually appears to be stating a claim for fraud as she does in Count V. In Count V for fraud, Plaintiff alleges that Defendant "intentionally and knowingly failed to disclose" certain purported material facts. (See, e.g., Complaint at ¶ 67). Count VII is similar to Count V, except it claims that Defendants made some representations and failed to make certain disclosures "with a reckless disregard for the truth." (Complaint at ¶ 87). The claims pursuant to Count V and Count VII, therefore, are both claims for fraud in the inducement. (See, e.g., Lockwood v. Christakos, 181 F.2d 805, 807 (D.D.C. 1950) (stating that pursuant to a claim of fraud in the inducement in the District of Columbia, "[t]he rule is settled that . . . the party relying upon fraud must show that the misrepresentations asserted were made either with knowledge of their untruth or in reckless disregard of the truth.") (internal quotation marks in the original and citation omitted).

Count I is premised on fraud and therefore Count V and Count VII are subject to the same analysis as Count I. Also, Plaintiff's allegations in Counts V and VII of her Complaint are essentially the same as those set forth in Count I. For the reasons stated in Section I above, Plaintiff has failed to state a valid claim for fraud.

## VI. NEGLIGENCE (COUNT VI)

Plaintiff cannot maintain a negligence claim against Defendants because she has not established that Defendants owed her a common law duty of care. See Britches of Georgetown, Inc., 705 A.2d at 628 - 29 (stating that a negligence claim, "requires proof of a duty of care, breach of that duty, and injury proximately caused by that breach." "Consequently, a person is liable to another only when he [or she] owes him [or her] some duty of care[,]" and it is, therefore, "critical to determine whether a duty was owed by the alleged tortfeasor to the person claiming the injury.") (brackets in the original, and internal quotation marks in the original and citation omitted). Instead, Plaintiff alleges in a conclusory manner that:

> Defendants owed Plaintiff a duty to exercise reasonable care in the marketing, selling, advertising and otherwise promoting of the condominium unit to Plaintiff. Defendants owed Plaintiff an affirmative duty to disclose fully and accurately the characteristics of the condominium and the units therein and to disclose all unusual and material circumstances or features affecting the condominium.

(Complaint at ¶ 76). Plaintiff fails to establish the existence of a common law duty of care owed to her by Defendants, and this claim should be dismissed. See id. Further, as discussed throughout this Motion, Plaintiff has failed to establish how she has incurred any damage. Accordingly, Plaintiff's negligence claim should be dismissed for this reason as well.

## VII. PUNITIVE DAMAGES

Plaintiff has asserted a claim for punitive damages pursuant to Counts I – III, V and VII of the Complaint. Plaintiff, however, cannot recover punitive damages based on the allegations and claims that she has made in this action. First, punitive damages are not available pursuant to a breach of contract claim. Cowan v. Youssef, 687 A.2d 594, 603 at n. 11 (D.C. 1996) (citation omitted). Plaintiff's claim for punitive damages pursuant to Count III, therefore, should be dismissed.

Further, Plaintiff's claim for punitive damages pursuant to Counts I – II, V and VII should also be dismissed. Punitive damages are assessed against a defendant to "punish unlawful conduct," and "deter its repetition." District Cablevision Ltd. P'ship v. Bassin, 828 A.2d 714, 725 – 26 (D.C. 2003) (internal quotation marks and citation omitted). They are to be awarded

> only in cases of outrageous or egregious wrongdoing where the defendant has acted with evil motive, actual malice, or in willful disregard for the rights of the plaintiff. So, for example, in the absence of gross fraud or comparable wrongdoing, proof of even intentional misrepresentation may not suffice to justify punitive damages. To obtain an award of punitive damages, moreover, the plaintiff must prove egregious conduct and the requisite mental state by clear and convincing evidence.

Id. Based on controlling law and Plaintiff's allegations, Plaintiff's claim for punitive damages is flawed. Disregarding the insufficiently plead nature of Plaintiff's claims, these claims do not allege any misconduct by Defendants greater than fraud. (See Complaint at ¶¶ 46, 51, 53, 67 – 71, and 83 – 88). If Defendants' actions are admittedly not "gross[ly]" fraudulent, they cannot serve as a predicate for a claim of punitive damages as a matter of law.

WHEREFORE, for the foregoing reasons, Defendants Mashaallah Ebrahimian and Rimcor, LLC respectfully request that their motion to dismiss be granted.

### LCvR7(m) CERTIFICATION STATEMENT

Pursuant to LCvR 7(m) of the Local Rules of the United States District Court for the District of Columbia, Defendants have attempted to address the subject of their motion to dismiss with Plaintiff's counsel prior to filing the motion to dismiss. Defendants' attempts have been unsuccessful and Defendants must seek further redress with the Court.

-11-

Respectfully submitted,

_____/s/_____
Robert C. Gill (DC Bar # 413163)
Shannon H. Bates (DC Bar # 480186)
Saul Ewing LLP
2600 Virginia Avenue, N.W., Suite 1000
The Watergate
Washington, D.C.  20037
(202) 295-6605 Tel.
(202) 295-6705 Fax

*Counsel for Defendants Mashaallah Ebrahimian and Rimcor, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 12th day of November, 2007, a true and correct copy of the foregoing Defendants Mashallah Ebrahimian and Rimcor, LLC, and proposed Order were served, via electronic filing and first-class U.S. Mail postage-prepaid, upon:

Keely D. Parr
51 Rhode Island Avenue, NW
Unit #3
Washington, D.C. 20001
*Pro Se Plaintiff*

David D. Hudgins, Esq.
Juliane C. Miller, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
*Counsel for Timothy Walker & Walker Group, LLC*

```
              /s/
         Robert C. Gill
```

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEELY D. PARR, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:07-cv-01718 (PLF) |
| | ) |
| MASHAALLAH EBRAHAMIAN, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the court on defendants Mashaalah Ebrahimian and Rimcor, LLC's (collectively, "Defendants") Motion to Dismiss and its supporting memorandum (the "Motion").

Upon consideration of the Motion, and plaintiff Keely D. Parr's ("Plaintiff") opposition thereto,

It appearing to the Court that good cause exists to do so, it is

ORDERED that Defendants' Motion is granted; it is

FURTHER ORDERED that this matter is hereby dismissed with prejudice.

Entered on this____ day of _____, 2007.

_____
Paul L. Friedman
United States District Court Judge