UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
**KEELY D. PARR,**              \*
                                \*
      **Plaintiff**         \*
                                \*
v.                              \*    Civil Action No.: 1:07-cv-01718 PLF
                                \*
**MASHAALLAH EBRAHIMIAN, et al.,** \*
                                \*
      **Defendants.**        \*
                                \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS TIMOTHY WALKER AND
THE WALKER GROUP LLC'S MOTION TO DISMISS**

Plaintiff hereby opposes Defendants Timothy Walker and The Walker Group LLC's motion to dismiss and, in support thereof, states as follows:

**INTRODUCTION**

On October 25, 2006, Plaintiff entered into a contract for the purchase of Unit #3 of 51 Rhode Island Avenue NW, a condominium located in Washington, DC. On November 17, 2006 settlement occurred. Plaintiff purchased this unit based upon the representations contained in the Public Offering Statement ("POS") that all work was performed in accordance with applicable zoning ordinances, building codes, housing codes and similar laws or as otherwise approved by the District of Columbia housing inspectors.

Thereafter, Plaintiff received an email from the neighborhood listserve which stated that Timothy Walker was involved in illegal construction, fraudulent permits and fraudulent certificates of occupancy, working outside the applicable zoning regulations, possibly passing these fraudulent documents on to the new owner, etc. As Walker was the

RECEIVED
DEC - 4 2007
ICY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

1

general contractor for 51 Rhode Island Avenue NW, as per the POS, Plaintiff began to investigate. As a result, Plaintiff discovered that no certificate of occupancy exists for the building, that the required building and certificate of occupancy inspections were never obtained, that the balcony stairs were never inspected by the District of Columbia, that the property was originally a single family dwelling converted into a 4-unit multiple dwelling (a fact not disclosed in the POS) and that no variance existed for this conversion.

Subsequently, Plaintiff sent a demand letter to Defendants Mashaallah Ebrahimian and Rimcor, LLC requesting rescission of the contract. Defendants, by their attorney, stated that as The Walker Group LLC was also responsible for the conversion of this property, Plaintiff's demand would not be met. As a result, Plaintiff brings this action.

## MOTION TO DISMISS STANDARD

Pursuant to Fed.R.Civ.P 12(b)(6), the Court must accept as true all allegations in the Complaint and must view them in a light most favorable to the plaintiff, as the nonmoving party. See, e.g., Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co., 870 A.2d 58, 62 (D.C. 2005). "The plaintiff must be given every favorable inference that may be drawn from the allegations of fact." Fireman's Fund Ins. Co. v. CTIA, 480 F.Supp.2d 7, 9 (D.D.C. 2007) *quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

"The filing of a motion pursuant to Rule 12(b)(6) does not call upon the plaintiff to offer his proof. All that is required when we consider the sufficiency of the complaint is a short and plain statement of the claim showing that the pleader is entitled to relief. Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. In re Estate of Curseen, 890 A.2d 191, 193-194 (D.C. 2006) *quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957). "Indeed it may appear on the face of

2

the pleadings that a recovery is very remote and unlikely but that is not the test. Id, 194 *quoting* Scheuer, *supra* at 236. "The Rule is designed to test solely the legal sufficiency of the complaint". Id.

Plaintiff's Complaint has met these standards.

**Count I - VIOLATION OF THE D.C. CONSUMER PROTECTION PROCEDURES ACT**

The CPPA was adopted by the D.C. Council to protect local consumers from improper and fraudulent trade practices. Williams v. Purdue Pharma Co., 297 F.Supp.2d 171, 174 (D.D.C. 2003). The CPPA was designed to police trade practices arising only out of consumer-merchant relationships and does not apply to commercial dealings outside the consumer sphere. Ford v. ChartOne, Inc., 908 A.2d 72, 81 (D.C. 2006).

D.C.Code § 28-3901(a)(3) defines "merchant" as follows:

(3) "merchant" means a person who does or would sell, lease (to), or transfer, either directly or indirectly, consumer goods or services, or a person who does or would supply the goods or services which are or would be the subject matter of a trade practice.

This definition is summarized in the Committee Report, at 13:

(3) "merchant" is a person on the "supply" side of a consumer transaction.

A merchant need not be the actual seller of the goods or services complained of, but must be connected with the supply side of the consumer transaction. Adler v. Vision Lab Telecommunications, Inc., 393 F.Supp.2d 35, 39 (D.D. C. 2005).

Plaintiff's Complaint contains the following allegations, all of which this Court must accept as true on Defendants' Motion to Dismiss, in support of Defendants being merchants connected with the supply side of the transaction:

- The Public Offering Statement states that Walker Construction is the General Contractor. (Complaint, ¶ 13)

3

- The Certificate of Occupancy was issued to Timothy Walker. (Complaint, ¶ 30).
- Timothy Walker hired a consultant to get the variance for him (*referring to Mashaallah Ebrahimian*) by using some sort of grandfathered rule. (Complaint, ¶ 24).
- The Deputy Director of the Board of Zoning Adjustment informed Plaintiff that no variance had been issued for 51 Rhode Island Avenue NW. (Complaint, ¶ 37)
- The building permit was issued to Timothy Walker "To convert existing SFD to 4-Unit Apt. house as per plans." (Complaint, ¶ 34)
- The Survey *(referring to Exhibit III-C of the Public Offering Statement)* was submitted by The Walker Group LLC. (Complaint, ¶ 36)
- Plaintiff was informed by Defendant's attorney that the The Walker Group, LLC was also responsible for the conversion of the property. (Complaint, ¶ 38)

Plaintiff's Complaint has satisfied the pleading requirements of Rule 8, Defendants are merchants subject to the provisions of the CPPA and therefore, Defendants' motion to dismiss with regard to this Count must be denied.

### Count II - VIOLATION OF THE D.C. CONDOMINIUM ACT

DC ST § 42-1902.09 provides that:

> Any lack of compliance with this chapter or with any lawful provision of the condominium instruments shall be grounds for an action or suit to recover damages or injunctive relief, or for any other available remedy maintainable by the unit owners' association, the unit owners' association's executive board, any managing agent on behalf of the unit owners' association, an aggrieved person on his or her own behalf, or, in an otherwise proper case, as a class action.

Defendants allege that the statute does not provide for remedies beyond those available at common law. However, the Supreme Court has stated that "where legal rights have been invaded, and a ...statute provides for a general right to sue for such invasion ... courts may use any available remedy to make good the wrong done". Franklin v. Gwinnett County Public Schools, 503 U.S. 60, 66, (1992).

4

Defendants next allege that the public offering statement cannot be relied upon to state a claim against Timothy Walker or the Walker Group as it was not information provided by either of these Defendants and that Mr. Walker was not responsible for the conversion process. Motion at 6.

Plaintiff's Complaint contains the following allegations that Defendants <u>were</u> involved in the conversion process and <u>did</u> provide information contained in the public offering statement, all of which this Court must accept as true on Defendants' Motion to Dismiss:

- The Public Offering Statement states that Walker Construction is the General Contractor. (Complaint, ¶ 13)
- The Certificate of Occupancy was issued to Timothy Walker. (Complaint, ¶ 30).
- Timothy Walker hired a consultant to get the variance for him (*referring to Mashaallah Ebrahimian*) by using some sort of grandfathered rule. (Complaint, ¶ 24).
- The Deputy Director of the Board of Zoning Adjustment informed Plaintiff that no variance had been issued for 51 Rhode Island Avenue NW. (Complaint, ¶ 37)
- The building permit was issued to Timothy Walker "To convert existing SFD to 4-Unit Apt. house as per plans." (Complaint, ¶ 34)
- The Survey *(referring to Exhibit III-C of the Public Offering Statement)* was submitted by The Walker Group LLC. (Complaint, ¶ 36)
- Plaintiff was informed by Defendant's attorney that the The Walker Group, LLC was also responsible for the conversion of the property. (Complaint, ¶ 38)

Plaintiff's Complaint provides a claim for relief, has satisfied the pleading requirements of Rule 8, and has shown that violation of the D.C. Condominium Act is applicable to Defendants and therefore, Defendants' motion to dismiss with regard to this Count must be denied.

## Count VI -NEGLIGENCE

Defendants allege that Plaintiff's Complaint does not establish a duty owed to her by Defendants. Motion at 9. Plaintiff readily acknowledges that in order to prevail on a negligence claim, the alleged tortfeasor must owe her some duty of care. That duty may derive from statute or regulations. See, e.g., Odemns v. District of Columbia, 930 A.2d 137, 143 (D.C. 2007).

DC Code § 42-1904.04(a) states:

> A public offering statement shall disclose fully and accurately the characteristics of the condominium and the units therein offered and shall make known to prospective purchasers all unusual and material circumstances or features affecting the condominium.

Defendants therefore had an affirmative duty derived from this statute. Although Defendants allege that the public offering statement was not prepared by them, Plaintiff's Complaint contains the following allegations that Defendants were involved in the conversion process and did provide information contained in the public offering statement, all of which this Court must accept as true on Defendants' Motion to Dismiss:

- The Public Offering Statement states that Walker Construction is the General Contractor. (Complaint, ¶ 13)
- The Certificate of Occupancy was issued to Timothy Walker. (Complaint,¶ 30).
- Timothy Walker hired a consultant to get the variance for him (*referring to Mashaallah Ebrahimian*) by using some sort of grandfathered rule. (Complaint, ¶ 24).
- The Deputy Director of the Board of Zoning Adjustment informed Plaintiff that no variance had been issued for 51 Rhode Island Avenue NW. (Complaint, ¶ 37)
- The building permit was issued to Timothy Walker "To convert existing SFD to 4-Unit Apt. house as per plans." (Complaint,¶ 34)
- The Survey *(referring to Exhibit III-C of the Public Offering Statement)* was submitted by The Walker Group LLC. (Complaint, ¶ 36)

- Plaintiff was informed by Defendant's attorney that the The Walker Group, LLC was also responsible for the conversion of the property. (Complaint, ¶ 38)

D.C. Code § 28-3904 states in part that:

It shall be a violation of this chapter, whether or nor any consumer is in fact misled, deceived or damaged thereby, for any person to:

(a) represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have; …
(h) advertise or offer goods or services without the intent to sell them or without the intent to sell them as advertised or offered; …

The DC Consumer Protection Procedures Act thereby creates a duty for Defendants to exercise reasonable care in the marketing, selling, advertising and otherwise promoting of the condominium unit to Plaintiff, a duty they breached. (Complaint, ¶ 76).

## Count VII-NEGLIGENT MISREPRESENTATION

Defendants allege that Plaintiff did not establish that either Timothy Walker or the Walker Group made any representations to her which she relied upon when deciding to purchase the property. Motion at 10. Plaintiff relied upon the Public Offering Statement which stated that all renovation and alteration work was performed in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors. (Complaint, ¶ 84). Plaintiff's Complaint alleges the following which the Court must accept as true on Defendants' motion to dismiss:

- The Public Offering Statement states that Walker Construction is the General Contractor. (Complaint, ¶ 13)
- The Certificate of Occupancy was issued to Timothy Walker. (Complaint,¶ 30).
- Timothy Walker hired a consultant to get the variance for him (*referring to Mashaallah Ebrahimian*) by using some sort of grandfathered rule. (Complaint, ¶ 24).

- The Deputy Director of the Board of Zoning Adjustment informed Plaintiff that no variance had been issued for 51 Rhode Island Avenue NW. (Complaint, ¶ 37)
- The building permit was issued to Timothy Walker "To convert existing SFD to 4-Unit Apt. house as per plans." (Complaint,¶ 34)
- The Survey *(referring to Exhibit III-C of the Public Offering Statement)* was submitted by The Walker Group LLC. (Complaint, ¶ 36)
- Plaintiff was informed by Defendant's attorney that The Walker Group, LLC was also responsible for the conversion of the property. (Complaint, ¶ 38)

## MOTION TO DISMISS STANDARD FOR FRAUD

The Federal Rules of Civil Procedure provide for a heightened pleading standard for claims involving fraud. Fed.R.Civ.P. 9 (b) requires that the circumstances constituting fraud or mistake be stated with particularity. However, Rule 9(b) is still subject to the general short and plain statement command of Rule 8. United States ex rel. Williams v. Martin-Baker Aircraft Co., Ltd., 389 F.3d 1251, 1256 (D.C. Cir. 2004). It has been stated that in order to satisfy Rule 9(b), the pleader must state the time, place and content of the false misrepresentations, the fact(s) misrepresented and what was obtained or given up as a consequence of the fraud. United States ex rel. Joseph v. Cannon, 642 F.2d 1373, 1385 (D.C. Cir. 1981). A plaintiff need not allege with specificity each element of his cause of action if it contains allegations from which an inference may be drawn that the plaintiff will produce evidence on the essential elements. United States ex rel. Harris v. Bernad, 275 F.Supp.2d 1, 5 (D.D.C. 2003). Plaintiff's Complaint satisfies the heightened pleading requirements of Rule 9 (b).

## FRAUD

In the District of Columbia, there are five traditional elements for a cause of action in fraud: (1) a false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) on which action is taken in

reliance upon the representation. <u>Blake Construction Co. v. C.J. Coakley Co.</u>, 431 A.2d 569, 577 (D.C.1981).

### False Representation

A false representation includes making a false statement or representation or failing to disclose a material fact. <u>Jacobs v. District Unemployment Compensation Bd.</u>, 382 A.2d 282, 286 (D.C. 1978). Nondisclosure or silence, as well as active misrepresentation, may constitute fraud. <u>Bennett v. Kiggins</u>, 377 A.2d 57, 59 (D.C. 1977). When a person positively states that something is to be done or is to occur, when he knows the contrary to be true, the statement will support an action in fraud. <u>Id</u>, 61.

- Defendants knowingly and fraudulently affirmed in the Public Offering Statement that all renovation and alteration work was performed in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors. (Complaint, ¶ 68).

Defendants failed to disclose the following material facts:

- The subject premises were never inspected by DCRA in compliance with D.C. Municipal Regulations; (Complaint, ¶ 67)
- The subject premises was originally a single family dwelling that was converted into a 4-unit multiple dwelling; (Id., ¶ 67)
- Defendants did not have a variance for the subject premises to be a 4-unit multiple dwelling. (Id., ¶ 67).

Plaintiff's Complaint alleges the following which the Court must accept as true on Defendants' motion:

- The Public Offering Statement states that Walker Construction is the General Contractor. (Complaint, ¶ 13)
- The Certificate of Occupancy was issued to Timothy Walker. (Complaint, ¶ 30).
- Timothy Walker hired a consultant to get the variance for him (*referring to Mashaallah Ebrahimian*) by using some sort of grandfathered rule. (Complaint, ¶ 24).

- The Deputy Director of the Board of Zoning Adjustment informed Plaintiff that no variance had been issued for 51 Rhode Island Avenue NW. (Complaint, ¶ 37)
- The building permit was issued to Timothy Walker "To convert existing SFD to 4-Unit Apt. house as per plans." (Complaint,¶ 34)
- The Survey *(referring to Exhibit III-C of the Public Offering Statement)* was submitted by The Walker Group LLC. (Complaint, ¶ 36)
- Plaintiff was informed by Defendant's attorney that The Walker Group, LLC was also responsible for the conversion of the property. (Complaint, ¶ 38)

### In Reference to a Material Fact

"A representation is material if it reasonably influences a plaintiff to take action he or she may have refrained from taking if aware of the actual facts". C & E Services, Inc. v. Ashland, Inc., 498 F.Supp.2d 242, 258 (D.D.C. 2007). Plaintiff was reasonably influenced to purchase the subject premises based upon the following statement contained in the Public Offering Statement:

- All renovation and alteration work was performed in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors. (Complaint, ¶ 68).

Plaintiff may have refrained from purchasing subject premises if Defendants had disclosed the following material facts:

- The subject premises were never inspected by DCRA in compliance with D.C. Municipal Regulations; (Id., ¶ 67)
- The subject premises was originally a single family dwelling that was converted into a 4-unit multiple dwelling; (Id., ¶ 67)
- Defendants did not have a variance for the subject premises to be a 4-unit multiple dwelling. (Id., ¶ 67).

### Made With Knowledge of its Falsity

"The knowledge required for fraud does not necessarily mean actual knowledge of falsity; the scienter element is satisfied if the representation is "recklessly and positively made without knowledge of its truth."" Jacobs v. District Unemployment Compensation

Bd., 382 A.2d 282, 287 (D.C. 1978). Knowledge of falsity may also be inferred when the defendant's representation of a material fact involves his own business or property as to which he is bound and must be presumed to know the truth. See, e.g., Howard v. Riggs Nat. Bank, 432 A.2d 701, 707 (D.C. 1981).

Defendant was the General Contractor (Complaint, ¶ 13), the building permit was issued to Defendant "To convert existing SFD to 4-Unit Apt. house as per plans" (Id., ¶ 34), the certificate of occupancy was issued to Defendant (Id.,¶ 30); Defendant was responsible for obtaining the variance for the conversion (Id., ¶ 24), which Defendant did not do (Id., ¶ 37), Exhibit III-C of the Public Offering Statement was submitted by Defendant (Id., ¶ 36) and Plaintiff was informed by Defendants' *(referring to Mashaallah Ebrahimian and Rimcor, LLC)* attorney that The Walker Group, LLC was also responsible for the conversion of the property. (Id., ¶ 38).

The Public Offering Statement asserts that all renovation and alteration work to 51 Rhode Island Avenue, a Condominium, was performed in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors." (Complaint, ¶ 13). Yet, Defendants: (a) did not file for a Certificate of Occupancy post-construction; and (d) did not obtain the necessary inspections and final sign-off from DCRA prior to offering the condominium unit for sale to the Plaintiff. (Complaint, ¶ 33). Plaintiff has pled with particularity that Defendants had knowledge of the falsity.

### With the Intent to Deceive

Fed.R.Civ.P. 9(b) states that "Malice, intent, knowledge, and other condition of mind of a person may be averred generally". The intent to deceive has also been characterized as the intent to induce reliance. <u>Jacobs v. District Unemployment Compensation Bd.</u>, 382 A.2d 282, 286 (D.C. 1978). Plaintiff's Complaint contains the following allegations in support thereof, all of which this Court must accept as true on Defendants' Motion to Dismiss:

- Defendants knowingly and fraudulently affirmed in the Public Offering Statement that all renovation and alteration work was performed in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors. Defendants knew this affirmation was false at the time they made it, and they made the affirmation with the intent and purpose of having Plaintiff reply upon it. (Complaint, ¶ 68).
- Defendants continuously misrepresent in the Public Offering Statement that the units were renovated when in fact they were nonexistent prior to the construction of the premises in 2005. Defendants knew this representation was false at the time they made it and continue to make it, and they made the misrepresentation with the intent and purpose of having Plaintiff reply upon it. (Id., ¶ 70).

### On Which Action Is Taken In Reliance Upon The Representation

It is not necessary that a plaintiff's reliance upon the truth of the fraudulent misrepresentation be the sole or even the predominant act in influencing his conduct. It is enough that the representation has played a substantial part, and so has been a substantial factor in influencing his decision. <u>See, e.g., Virginia Academy of Clinical Psychologists v. Group Hospitalization and Medical Services, Inc.</u> 878 A.2d 1226, 1238 (D.C. 2005).

Plaintiff's Complaint contains the following allegations in support thereof, all of which this Court must accept as true on Defendants' Motion to Dismiss:

- Plaintiff reasonably relied on Defendants' omissions and fraudulent misrepresentations. (Complaint, ¶ 73)
- Based upon Defendants' misrepresentations and omissions, Plaintiff reasonably believed that she was purchasing a condominium that was constructed in conformity with the zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors. (Id., ¶ 73).
- Based upon Defendants' misrepresentations and omissions, Plaintiff reasonably believed that she was purchasing a condominium which existed as part of the original construction of cited premises circa 1901. (Id, ¶ 73).

As such, Plaintiff has pled fraud with the required particularity for each element in accordance with Rule 9(b), and Defendants' motion to dismiss Count V should therefore be denied.

## CONCLUSION

For all these reasons, Defendants' Motion to Dismiss should be denied. A proposed form or Order is attached.

Respectfully submitted,

Keely D. Parr, *Pro se*
51 Rhode Island Avenue NW, #3
Washington, D.C, 20001
925-890-9452

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing opposition to Defendants Timothy Walker and The Walker Group LLC's motion to dismiss was served by first-class mail, postage prepaid, this 4th day of December, 2007 to David D. Hudgins, Esq., Juliane C. Miller, Esq., at Hudgins Law Firm, 515 King Street, Suite 400, Alexandria, Virginia 22314 and to Robert C. Gill, Esq., Shannon H. Bates, Esq. at Saul Ewing, LLP, 2600 Virginia Avenue, N.W., Suite 1000, The Watergate, Washington, DC 20037.

Keely D. Parr, *Pro se*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

*************************************
KEELY D. PARR,                        *
                                      *
         Plaintiff                    *
                                      *
v.                                    *   Civil Action No.: 1:07-cv-01718 PLF
                                      *
MASHAALLAH EBRAHIMIAN, et al.,        *
                                      *
         Defendants.                  *
                                      *
*************************************

## ORDER DENYING DEFENDANTS TIMOTHY WALKER AND THE WALKER GROUP LLC'S MOTION TO DISMISS

WHEREFORE, upon consideration of Defendants' Motion To Dismiss and Plaintiffs' Opposition thereto, it is this _____ day of _____, 2007, hereby,

ORDERED, that Defendants' Motion To Dismiss be, and the same hereby is, DENIED.

It is so Ordered.

                                    _____
                                    The Honorable Paul L. Friedman
                                    Judge, United States District Court for the District of Columbia


Keely D. Parr
51 Rhode Island Avenue NW, #3
Washington, DC 20001
Telephone: 925-890-9452

Copies to:

Robert C. Gill, Esq.
Shannon H. Bates, Esq.
SAUL EWING, LLP
2600 Virginia Avenue, N.W.
Suite 1000 – The Watergate
Washington, DC 20037-1922
Telephone: 202-295-6605


David D. Hudgins, Esq.
Juliane C. Miller, Esq.
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, Virginia 22314
Telephone: 703-739-3300