UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEELY D. PARR, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:07-cv-01718 |
| | ) |
| MASHAALLAH EBRAHAMIAN, et al., | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANTS' TIMOTHY WALKER AND THE WALKER GROUP LLC'S
REPLY TO PLAINTIFF'S OPPOSITION TO THEIR MOTION TO DISMISS**

Defendants Timothy Walker and The Walker Group, LLC, by counsel, state as follows for their Reply to plaintiff's Opposition to their Motion to Dismiss:

**I.   Introduction**

Plaintiff[1], Keely D. Parr, admits that the foundation for her claim against a man and company with whom she had no contractual or other relationship is the comment of an attorney whose client she has also sued and a neighborhood list serve in which disgruntled property owners vent their opinions. As highlighted on the first page of her Opposition, plaintiff's groundless allegations originated from an e-mail forwarded to her by an unidentified neighbor. This e-mail was also created by an unidentified person and relates to a completely different property. Complaint, ¶ 22. The unverified e-mail rantings of an unidentified person, even when generously construed, do not permit an inference that the Walker defendants, who had no relationship with plaintiff, may be liable to her for violating the D.C. Consumer Protection and Condominium Acts, and for

---

[1] Plaintiff is proceeding *pro se*. However, upon information and belief she is in fact an attorney. Therefore, she may be held to a higher standard than a layperson. *See*, Crumpacker v. Civiletti, 90 F.R.D. 326, 329-30 (D.C. Ind. 1981).

1

fraud, negligence, and negligent misrepresentation. The inflammatory neighborhood gossip with which plaintiff opens her Opposition is followed by allegations drawn from the complaint which are meaningless and offer no support for the theories of law she is attempting to pursue. Plaintiff's allegations are speculative and merely recite labels and conclusions and are at best a formulaic recitation of elements. The allegations cannot withstand a Motion to Dismiss.

II.     **Argument**

While plaintiff has carefully crafted the wording of her allegations in an effort to recite the necessary elements, the few truths set forth in the Complaint defeat her efforts. First, Timothy Walker did not sell the property to plaintiff and did not make any representations to plaintiff. Complaint, ¶ 10. In fact, Timothy Walker had sold the property to Rimcor in fee simple more than a year prior to it being sold to plaintiff. Second, the Walker defendants were not responsible for the preparation or submission of the Public Offering Statement upon which plaintiff relies for her alleged misrepresented facts. Complaint, ¶ 13, ¶ 67, ¶ 68, ¶ 69. Third, the Walker defendants were not responsible for the conversion process having sold the property prior to the property being converted. Complaint, ¶ 33.

   **A.  Plaintiff Has Not Alleged A Violation Of The Consumer Protection Act, Negligence, Fraud Or Misrepresentation Against The Walker Defendants**

The Consumer Protection Act, Negligence, Fraud, and Misrepresentation claims all require an obligation to tell the truth followed by a failure to fulfill this duty, or dishonesty. In opposing the Motion to Dismiss, plaintiff cites the same seven allegations in support of each claim. Plaintiff alleges that the Public Offering Statement refers to

"Walker Construction" as the general contactor and includes a survey purportedly referencing the Walker Group. Complaint, ¶ 13, ¶ 36. Walker Construction is not a party to this case. Plaintiff further claims that Timothy Walker obtained a certificate of occupancy and that he allegedly hired a consultant to obtain a variance, and was issued a building permit. Complaint, ¶ 30, ¶ 34. Plaintiff also refers to a phone conversation with a Director of the Board of Zoning Adjusting who allegedly told her that a variance had not been obtained. Complaint, ¶ 37. Finally, plaintiff relies on a second phone conversation with the attorney for Ebrahimian and Rimcor wherein she was allegedly told that the Walker Group was also responsible for the conversion. Complaint, ¶ 38. Even if these allegations are true they do not establish that the Walker defendants are responsible for any damages plaintiff claims to have sustained. Plaintiff cannot overcome the fact that the Walker defendants did not sell the property to her and did not otherwise owe her a duty to perform the above referenced tasks. Further, plaintiff has not identified any specific harm which is alleged to have resulted from the failure to perform the tasks.

It is undisputed that the property was offered for sale by Rimcor. Complaint, ¶ 10. It is undisputed and clearly set forth in plaintiff's Complaint that the Public Offering Statement was prepared by, sworn to and submitted by Ebrahimian and Rimcor. Complaint, ¶ 13. Even if the document references Walker Construction as the general contractor such reference does not create an obligation flowing from the Walker defendants to plaintiff. Not only is there no obligation, but nowhere does plaintiff allege a connection between this item and the alleged harm. There is no allegation of a

fraudulent statement made by the general contractor. There is no allegation of what was done by the general contractor, how it was done improperly and how it harmed plaintiff.

Plaintiff also alleges that a "Certificate of Occupancy" was issued to Timothy Walker almost two years prior to her purchase of the property. Complaint, ¶ 31. The fact that as a prior owner Mr. Walker obtained a Certificate of Occupancy does not make him liable to all subsequent purchasers. Plaintiff has not alleged any falsehoods or misrepresentations related to the Certificate of Occupancy allegedly issued to Mr. Walker in November 2004. Again, plaintiff has also failed to allege an actionable connection between the Certificate of Occupancy and any damages she claims to have sustained as a result of her purchase of the property from Rimcor.

Plaintiff also points to paragraph 24 of the Complaint which sets forth her interpretation of an e-mail to her from defendant Ebrahimian in which he allegedly told her that Mr. Walker previously told him he had obtained a variance. Complaint, ¶ 24. Plaintiff also cites paragraph 37 in which she relates a phone call in which she claims that someone told her there was no variance. Complaint, ¶ 37. There is absolutely no connection between these items, or any acts or omissions by the Walker defendants and any damages allegedly sustained by plaintiff. Plaintiff has not set forth any allegation that Walker owed her a duty to obtain a variance, that Walker failed to obtain any necessary variance, or that she was harmed as a result of a failure to obtain a variance. Again, it is undisputed that she did not buy the property from the Walker defendants and that he did not make any representations to her in connection with her purchase of the property. The Walker defendants were not required to file for a certificate of occupancy

4

after the sale to Rimcor and were not required to obtain inspections and sign off from the DCRA because they were not responsible for the conversion process.

Plaintiff's reliance on paragraph 34 and 36 to support claims for fraud, and misrepresentation is unclear.  Plaintiff alleges that almost two years prior to her purchase of the property from a third party, Mr. Walker obtained a permit to perform work on the property.  Complaint, ¶ 34.  The alleged issuance of this permit does not create a duty running from the Walker defendants to plaintiff.  Further, plaintiff has not alleged that she has been damaged as a result of the permit being issued.  Similarly, the vague reference to a survey in paragraph 36 of the Complaint does not correspond to fraudulent actions on behalf of the Walker defendants which caused damage to plaintiff.  Complaint, ¶ 36.  Plaintiff has not alleged a connection between this survey and any damage she claims to have sustained.

Finally, although plaintiff recognizes that the Walker defendants did not participate in the conversion process, she attempts to rely on unverified and vague information from the attorney for defendants Ebrahimian and Rimcor that "the Walker Group, LLC was also responsible for the conversion of the property."  Complaint, ¶ 13, ¶ 38.  Plaintiff does not allege what role the Walker defendants played, what they did wrong in this role and how she was damaged as a result.  Further, this information is wholly inconsistent with her prior allegations that Rimcor and Ebrahimian initiated and participated in the conversion process.  Complaint, ¶ 13.  Once the sale to Ebrahimian/Rimcor was complete there was no obligation for Mr. Walker to police all future transactions regarding the property.  Nor was there any obligation to obtain a certificate of occupancy or inspection.

5

To the extent plaintiff has alleged damages, her theory is that she relied on representations made in the Public Offering Statement prior to purchasing the property and that these representations were not true and resulted in harm. Timothy Walker and The Walker Group were not responsible for the conversion process. The Public Offering Statement was neither completed nor signed by them. The Walker defendants did not attest or otherwise put forth any of the representations included in the Public Offering Statement. Plaintiff's complaints about permits obtained as part of the conversion process are not properly directed to the Walker defendants since they were not involved in the conversion process and therefore cannot be held accountable for events which occurred during the process. The Walker defendants sold the property prior to the conversion process. They were under no obligation to police the new owner in his dealings with either the D.C. government during the conversion process or with prospective purchasers as the property was offered for sale by the new owners. The Walker defendants had no duty to disclose information regarding the property to the plaintiff. There is no allegation that they were even aware of the sale much less the identity of the purchaser.

**B.     The Consumer Protection Act Does Not Extend to the Walker Defendants**

As noted above, plaintiff has failed to properly allege the fraud necessary to state a claim under the Consumer Protection Act. This claim also fails because the Act simply does not extend to the Walker defendants. Plaintiff relies on a reference in a Committee Report to characterize Walker and The Walker Group as "merchants" under the Act purportedly because they were connected to the supply side of the transaction. To the

6

contrary, they are not merchants in relation to plaintiff because they did not sell her the property.  Plaintiff's reliance on <u>Adler v. Vision Lab Telecommunications, Inc.</u> 393 F. Supp. 2d 35 (D.D.C. 2005) is misplaced.  <u>Adler</u> involved claims under the Telephone Consumer Protection Act by individuals who received unsolicited and improperly identified faxes.  The Court held that the senders of the unsolicited faxes were not "merchants" under the D.C. Consumer Protection Act because the fax recipients did not purchase, lease or receive any services or products from the senders.  <u>Id</u> at 39-40.  In this case, the Walker defendants did not sell the property either directly or indirectly through an intermediary to plaintiff and can in no way be characterized as merchants under the Act.  The Walker defendants were not the "suppliers" of the property.

### C. Plaintiff Cannot Sue Under The District of Columbia Condominium Act

The Condominium Act does not provide for remedies beyond those available at common law.  <u>Dresser v. Sunderland Apts. Tenants Assn</u>., 465 A.2d 835, 839 note 14 (1983).  Plaintiff's citation of <u>Franklin v. Gwinnett County Public Schools</u>, 503 U.S. 60, 66 (1992) is misplaced.  The <u>Franklin</u> case involved interpretation of a federal statute, specifically Title IX of the Education Amendments of 1972, which had been enacted by Congress to address discrimination.  <u>Id</u> at 61-62.  Further, the claim is again based on the Public Offering Statement which was neither prepared nor submitted by the Walker defendants.  The Walker defendants cannot be found liable to plaintiff under the Condominium Act.

**III.     Conclusion**

Plaintiff has failed to allege elements necessary to sustain the theories set forth in the Complaint and Defendants Timothy Walker and The Walker Group respectfully request that their motion to dismiss be granted.

Respectfully submitted,

**TIMOTHY WALKER**
**WALKER GROUP, LLC**

By:     /s/ Juliane C. Miller
         Counsel

David D. Hudgins, Esquire (DC Bar #362451)
Juliane C. Miller, Esquire (DC Bar #446783)
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, Virginia  22314
(703) 739-3300
(703) 739-3700 (fax)
dhudgins@hudginslawfirm.com
jmiller@hudginslawfirm.com
*Counsel for Timothy Walker and Walker Group, LLC*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing Defendants Timothy Walker and The Walker Group's Reply to Plaintiff's Opposition to their Motion to Dismiss was served by first-class mail, postage prepaid, this 11th day of December, 2007 to Keely D. Parr, *Pro Se,* 51 Rhode Island Avenue, NW, #3, Washington, D.C. 20001 and served electronically on Robert C. Gill, Esq., Shannon H. Bates, Esq., Saul Ewing, LLP, 2600 Virginia Ave., N.W., Ste. 1000, The Watergate, Washington, DC 20037.

/s/ Juliane C. Miller
Counsel