**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| ************************************ | | |
|---|---|---|
| **KEELY D. PARR,** | * | |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **v.** | * | **Civil Action No.: 1:07-cv-01718 PLF** |
| | * | |
| **MASHAALLAH EBRAHIMIAN, et al.,** | * | |
| | * | |
| **Defendants.** | * | |
| | * | |
| ************************************ | | |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS MASHAALLAH EBRAHIMIAN AND RIMCOR LLC'S MOTION TO DISMISS

Plaintiff hereby opposes Defendants Mashaallah Ebrahimian and Rimcor LLC's motion to dismiss and, in support thereof, states as follows:

## INTRODUCTION

On October 23, 2006, Plaintiff entered into a contract for the purchase of condominium Unit #3 of 51 Rhode Island Avenue NW in Washington, DC. On November 17, 2006 settlement occurred. Plaintiff purchased this unit based upon the assurances from Defendant that all contract terms had been complied with and based upon the Public Offering Statement, which contains a sworn affidavit from Defendant swearing that the work was performed in accordance with applicable zoning ordinances, building codes housing codes and similar laws affecting the condominium, or as otherwise approved by the District of Columbia housing inspectors.



DEC 1 8 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Plaintiff has since become aware that no certificate of occupancy exists for the building, and as such, the building can only be occupied as a single-family dwelling, that the required building and certificate of occupancy inspections were never performed, that an engineer's report was never issued for subject premises, that the balcony stairs were never inspected by the District of Columbia, that the property was originally a single family dwelling converted into a 4-unit multiple dwelling and that no variance existed for this conversion.

Subsequently, Plaintiff sent a demand letter to Defendant requesting rescission of the contract. Defendant, by his attorney, stated that the demand would not be met as the Walker Group, LLC was also responsible for the conversion of this property and this litigation ensued.

**ARGUMENT**

As a preliminary – and outcome dispositive – matter, Defendants' motion alleges that Plaintiff has failed to meet the pleading requirements of Rule 8(c), a general rule of pleading pertaining to *affirmative defenses* and which has no applicability whatsoever to the pleading requirements of Plaintiff's Complaint. Defendants do not attach a copy of Rule 8(c) nor do they include the citation to the case which purportedly references this Rule, which is a Slip Opinion. As such, Defendants' motion to dismiss with regard to Count I (Violation of the D.C. Consumer Protection Procedures Act), Count II (Violation of the D.C. Condominium Act), Count III (Breach of Contract), Count IV (Breach of Implied Duty of Good Faith and Fair Dealing), Count VI (Negligence) and Count VII (Negligent Misrepresentation) must be denied on this basis alone.

## LCvR7(m) CERTIFICATION STATEMENT

Defendants claim that pursuant to LCvR7(m), they attempted to address the subject of their motion to dismiss with Plaintiff's counsel prior to filing the motion to dismiss: "Defendants' attempts have been unsuccessful and Defendants must seek further redress with the Court." Motion at 10 . The facts are different, as is the truth.

On October 19, 2007, Defendants left Plaintiff voice mail messages on both her work telephone and her cell phone requesting an extension of time within which to file an Answer to Plaintiff's Complaint. On November 12, 2007, Defendants emailed Plaintiff a copy of their Motion to Dismiss and also mailed a copy to Plaintiff at her home address. However, at no time did Defendant contact Plaintiff to attempt to address the subject of their motion to dismiss. Defendants' certification is false, and the Court should not stand for such conduct.

## MOTION TO DISMISS STANDARD FOR FRAUD

Defendants next allege that Plaintiff's Complaint fails to meet the pleading requirements of Rule 9(b), which is applicable to fraud or mistake and, hence, has relevance only to Count V of Plaintiff's Complaint (Fraud). The Federal Rules of Civil Procedure provide for a heightened pleading standard for claims involving fraud. Fed.R.Civ.P. 9 (b) requires that the circumstances constituting fraud or mistake be stated with particularity. However, Rule 9(b) is still subject to the general short and plain statement command of Rule 8. United States ex rel. Williams v. Martin-Baker Aircraft Co., Ltd., 389 F.3d 1251, 1256 (D.C. Cir. 2004). It has been stated that in order to satisfy Rule 9(b), the pleader must state the time, place and content of the false

misrepresentations, the fact(s) misrepresented and what was obtained or given up as a consequence of the fraud. United States ex rel. Joseph v. Cannon, 642 F.2d 1373, 1385 (D.C. Cir. 1981). A plaintiff need not allege with specificity each element of his cause of action if it contains allegations from which an inference may be drawn that the plaintiff will produce evidence on the essential elements. United States ex rel. Harris v. Bernad, 275 F.Supp.2d 1, 5 (D.D.C. 2003). Plaintiff's Complaint satisfies the heightened pleading requirements of Rule 9 (b).

## APPLICABLE LEGAL STANDARD

Pursuant to Fed.R.Civ.P 12(b)(6), the Court must accept as true all allegations in the Complaint and must view them in a light most favorable to the Plaintiff, as the nonmoving party. See, e.g., Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co., 870 A.2d 58, 62 (D.C. 2005). "The plaintiff must be given every favorable inference that may be drawn from the allegations of fact." Fireman's Fund Ins. Co. v. CTIA, 480 F.Supp.2d 7, 9 (D.D.C. 2007).

## FRAUD

In the District of Columbia, there are five traditional elements for a cause of action in fraud: (1) a false representation, (2) in reference to a material fact, (3) made with knowledge of its falsity, (4) with the intent to deceive, and (5) on which action is taken in reliance upon the representation. Blake Construction Co. v. C.J. Coakley Co., 431 A.2d 569, 577 (D.C.1981).

### False Representation

A false representation includes making a false statement or representation or failing to disclose a material fact. Jacobs v. District Unemployment Compensation Bd., 382 A.2d

282, 286 (D.C. 1978). Nondisclosure or silence, as well as active misrepresentation, may constitute fraud. Bennett v. Kiggins, 377 A.2d 57, 59 (D.C. 1977). When a person positively states that something is to be done or is to occur, when he knows the contrary to be true, the statement will support an action in fraud. Id, 61.

Defendants made the following false representations:

- All renovation and alteration work to 51 Rhode Island Avenue, a Condominium, was and is being performed by the Declarant in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors. (Complaint, ¶ 13).

Defendants failed to disclose the following material facts:

- Defendants did not have title to the premises on the date of settlement; (Complaint, ¶ 67)
- Defendants did not have a certificate of occupancy for subject premises; (Id., ¶ 67)
- The home inspection contingency clause in the Contract had never been complied with as no District of Columbia inspector had ever inspected the side rails of the balcony; (Id., ¶ 67)
- The subject premises were never inspected by DCRA in compliance with D.C. Municipal Regulations; (Id., ¶ 67)
- The subject premises was originally a single family dwelling that was converted into a 4-unit multiple dwelling; (Id., ¶ 67)
- Defendants did not have a variance for the subject premises to be a 4-unit multiple dwelling. (Id., ¶ 67).

**In Reference to a Material Fact**

"A representation is material if it reasonably influences a plaintiff to take action he or she may have refrained from taking if aware of the actual facts". C & E Services, Inc. v. Ashland, Inc., 498 F.Supp.2d 242, 258 (D.D.C. 2007). Plaintiff was reasonably influenced to purchase the subject premises based upon:

- Defendant's sworn statement that "All renovation and alteration work to 51 Rhode Island Avenue, a Condominium, was and is being performed by the Declarant in accordance with applicable zoning ordinances, building codes, housing codes and

similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors." (Complaint, ¶ 13).

Plaintiff may have refrained from purchasing subject premises if Defendants had disclosed the following material facts:

- Defendants did not have title to the premises on the date of settlement; (Complaint, ¶ 67)
- Defendants did not have a certificate of occupancy for subject premises; (Id., ¶ 67)
- The home inspection contingency clause in the Contract had never been complied with as no District of Columbia inspector had ever inspected the side rails of the balcony; (Id., ¶ 67)
- The subject premises were never inspected by DCRA in compliance with D.C. Municipal Regulations; (Id., ¶ 67)
- The subject premises was originally a single family dwelling that was converted into a 4-unit multiple dwelling; (Id., ¶ 67)
- Defendants did not have a variance for the subject premises to be a 4-unit multiple dwelling. (Id., ¶ 67).

**Made With Knowledge of its Falsity**

"The knowledge required for fraud does not necessarily mean actual knowledge of falsity; the scienter element is satisfied if the representation is "recklessly and positively made without knowledge of its truth."" Jacobs v. District Unemployment Compensation Bd., 382 A.2d 282, 287 (D.C. 1978). Knowledge of falsity may also be inferred when the defendant's representation of a material fact involves his own business or property as to which he is bound and must be presumed to know the truth. See, e.g., Howard v. Riggs Nat. Bank, 432 A.2d 701, 707 (D.C. 1981).

Defendants affirm in the Public Offering Statement that:

- "All renovation and alteration work to 51 Rhode Island Avenue, a Condominium, was and is being performed by the Declarant in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors." (Complaint, ¶ 13).

Yet, Defendants:

- (a) did not file for a Certificate of Occupancy for the change in ownership of subject premises; (b) did not file for a Certificate of Occupancy post-construction and prior to offering the unit for sale to the Plaintiff; (c) did not possess a certificate of occupancy at the time of contract formation or at the time of settlement, and still does not possess a certificate of occupancy for subject building; and (d) did not obtain the necessary inspections and final sign-off from DCRA prior to offering the condominium unit for sale to the Plaintiff. (Id, ¶ 33).

Plaintiff has pled with particularity that Defendants had knowledge of the falsity.

**With the Intent to Deceive**

Fed.R.Civ.P. 9(b) states that "Malice, intent, knowledge, and other condition of mind of a person may be averred generally". The intent to deceive has also been characterized as the intent to induce reliance. Jacobs v. District Unemployment Compensation Bd., 382 A.2d 282, 286 (D.C. 1978). Plaintiff's Complaint contains the following allegations in support thereof, all of which this Court must accept as true on Defendants Motion to Dismiss:

- Defendants knowingly and fraudulently affirmed in the Public Offering Statement that all renovation and alteration work was performed in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors. Defendants knew this affirmation was false at the time they made it, and they made the affirmation with the intent and purpose of having Plaintiff reply upon it. (Complaint, ¶ 68).
- Defendant Mashaallah Ebrahimian fraudulently affirmed in the Public Offering Statement that the statements contained therein and the documents submitted are, to the best of his knowledge and belief, true and complete. This Defendant knew that his affirmation was false at the time he made it and continues to make it, and he made the affirmation with the intent and purpose of having Plaintiff reply upon it. (Id., ¶ 69).
- Defendants continuously misrepresent in the Public Offering Statement that the units were renovated when in fact they were nonexistent prior to the construction of the premises in 2005. Defendants knew this representation was false at the time they made it and continue to make it, and they made the misrepresentation with the intent and purpose of having Plaintiff reply upon it. (Id., ¶ 70).

- Defendants failed to disclose to Plaintiff, and misrepresented material facts to Plaintiff, with the intent to deceive Plaintiff and with the intent to induce Plaintiff to rely upon these fraudulent misrepresentations and omissions so as to close on the purchase of the subject premises in the amount of $369,000.00. (Id., ¶ 71).

**On Which Action Is Taken In Reliance Upon The Representation**

It is not necessary that a plaintiff's reliance upon the truth of the fraudulent misrepresentation be the sole or even the predominant act in influencing his conduct. It is enough that the representation has played a substantial part, and so has been a substantial factor in influencing his decision. See, e.g., Virginia Academy of Clinical Psychologists v. Group Hospitalization and Medical Services, Inc. 878 A.2d 1226, 1238 (D.C. 2005).

Plaintiff's Complaint contains the following allegations in support thereof, all of which this Court must accept as true on Defendants' Motion to Dismiss:

- Plaintiff reasonably relied on Defendants' omissions and fraudulent misrepresentations. (Complaint, ¶ 73)
- Based upon Defendants' misrepresentations and omissions, Plaintiff reasonably believed that she was purchasing a condominium that was constructed in conformity with the zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors. (Id., ¶ 73).
- Based upon Defendants' misrepresentations and omissions, Plaintiff reasonably believed that she was purchasing a condominium which existed as part of the original construction of cited premises circa 1901. (Id, ¶ 73).

As such, Plaintiff has pled fraud with the required particularity for each element in accordance with Rule 9(b), and Defendants' motion to dismiss Count V should therefore be denied.

**DEFENDANTS ARGUMENT FOR FRAUD CLAIM**

Plaintiff's failure to attach the inspection report to the Complaint does not put the Defendants and the Court on notice of those items with which Defendants purportedly did

not comply. Motion at 4. Defendants are encouraged to reread Plaintiffs Complaint, which states unambiguously at § 67:

- Defendants intentionally and knowingly failed to disclose that:
  (c)the home inspection contingency clause in the Contract had never been complied with as no District of Columbia inspector had ever inspected the side rails of the balcony.

Defendants misstate the law with reference to Golden v. Burka, 43 A.2d 712 (D.C.App. 1945). See Motion at 5. Although that case discussed the principle expounded in Defendants' motion, the Court held that the principle does not apply where an effort is made to prevent the purchaser making his own examination. Id, 713. The Court stated that the purchaser could properly assume that the agent would not make positive assurance without knowledge of its truth, and thus could be induced to make no investigation of his own. Id. Misrepresentations often cause the person to who they are addressed not to use the means of knowledge within his power. Id. If intentionally or otherwise he makes a false representation to the prospective purchaser he cannot well complain that the buyer ought not to have believed him. Id.

The Public Offering Statement contained a sworn statement from Defendant:

- "Mashaallah Ebrahamian, being duly sworn deposes and says: that the statements herein contained and the documents submitted are, to the best of his knowledge and belief, true and complete... Complaint, ¶ 13.
- All renovation and alteration work to 51 Rhode Island Avenue, a Condominium, was and is being performed by the Declarant in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors. Id, ¶ 13.

Accordingly, Plaintiff reasonable relied upon Defendants' omissions and fraudulent misrepresentations. Complaint, ¶ 73.

## REMAINING COUNTS

As demonstrated, Defendants' Motion to Dismiss with respect to their remaining counts must be denied because they have improperly predicated their motion on Rule 8 (c). However, in the interests of completeness, Plaintiff further addresses the issues raised by Defendants' Motion to Dismiss.

## MOTION TO DISMISS STANDARD

Pursuant to Fed.R.Civ.P 12(b)(6), the Court must accept as true all allegations in the Complaint and must view them in a light most favorable to the plaintiff, as the nonmoving party. See, e.g., Jordan Keys & Jessamy, LLP v. St. Paul Fire & Marine Ins. Co., 870 A.2d 58, 62 (D.C. 2005). "The plaintiff must be given every favorable inference that may be drawn from the allegations of fact." Fireman's Fund Ins. Co. v. CTIA, 480 F.Supp.2d 7, 9 (D.D.C. 2007) *quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

"The filing of a motion pursuant to Rule 12(b)(6) does not call upon the plaintiff to offer his proof. All that is required when we consider the sufficiency of the complaint is a short and plain statement of the claim showing that the pleader is entitled to relief. Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. In re Estate of Curseen, 890 A.2d 191, 193-194 (D.C. 2006) *quoting* Conley v. Gibson, 355 U.S. 41, 47 (1957). "Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test. Id, 194 *quoting* Scheuer, *supra* at 236. "The Rule is designed to test solely the legal sufficiency of the complaint". Id.

Plaintiff's Complaint has met these standards.

**Count I -VIOLATION OF THE D.C. CONSUMER PROTECTION PROCEDURES ACT**

D.C. Code § 28-3904 states in relevant part as follows:

> It shall be a violation of this chapter, whether or not any consumer is in fact misled, deceived or damaged thereby, for any person to:
>
> (a) represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have; ...
> (e) misrepresent as to a material fact which has a tendency to mislead;
> (f) fail to state a material fact is such failure tends to mislead;
> (h) advertise or offer goods or services without the intent to sell them or without the intent to sell them as advertised or offered; ...

Nowhere in this statute is the term "fraud" cited and, not surprisingly, Defendants have failed to cite any cases which apply the pleading requirements of a fraud claim to this statute. Nonetheless, Defendants launch into a lengthy analysis as to how Plaintiff's Complaint under this count should be dismissed because Plaintiff does not meet the requirements of pleading a fraud claim – a requirement that simply does not exist. In fact, the District of Columbia Court of Appeals has applied the pleading standards of Rule 8 to a claim under the D.C. Consumer Protection Procedures Act, a standard that Plaintiff has clearly met. See, e.g., Rowan Heating-Air Conditioning-Sheet Metal, Inc. v. Williams, 580 A.2d 583 (D.C. 1990).

Defendants next allege that Plaintiff cannot claim reasonable reliance on the public offering statement; however as per D.C. Code § 28-3904, *supra*, there is no reliance element contained in the statute; reliance is an element of a fraud claim. Defendants' entire analysis is misplaced and the motion to dismiss under this count must be denied.

## Count II -VIOLATION OF THE D.C. CONDOMINIUM ACT

DC ST § 42-1902.09 provides that:

> Any lack of compliance with this chapter or with any lawful provision of the condominium instruments shall be grounds for an action or suit to recover damages or injunctive relief, or for any other available remedy maintainable by the unit owners' association, the unit owners' association's executive board, any managing agent on behalf of the unit owners' association, an aggrieved person on his or her own behalf, or, in an otherwise proper case, as a class action.

Defendants allege that the statute does not provide for remedies beyond those available at common law. However, the Supreme Court has stated that "where legal rights have been invaded, and a ...statute provides for a general right to sue for such invasion ... courts may use any available remedy to make good the wrong done". Franklin v. Gwinnett County Public Schools, 503 U.S. 60, 66, (1992).

## Count III - BREACH OF CONTRACT

Defendants refer to Haviland v. Dawson, 210 A.2d 554 (D.C. 1965) in an attempt to support their allegation that real estate contracts are merged into the deed of conveyance and have no significance after settlement. However, Haviland held "Acceptance of the deed does not terminate any covenants or stipulations in the contract which are not in their nature satisfied by delivery of an instrument whose purpose is to transfer title to the property". Id , 554. The Court goes on to rule "In cases involving breach of contract due to defective performance, the law requires that the party injured should be placed in the same position as if there had been no breach." Id.

In Libby v. Trako Builders, Inc., 243 F.2d 252, 100 U.S.App.D.C. 146 (C.A.D.C. 1957), the Court held that delivery and acceptance of a deed did not bar a claim for failure

to perform the contract obligation. The Court ruled: "This was an undertaking independent of the conveyance of title, and this survived delivery of the deed". Id, 253.

Accordingly, Defendants' obligations to perform under the contract were an undertaking independent of the conveyance of title and survived delivery of the deed.

In addition, Plaintiff brings this action to rescind the contract which is an equitable remedy and does not actually rely on the contract itself. See, e.g., Doolin v. Environmental Power Ltd., 360 A.2d 493 (D.C. 1976).

Defendants next allege a panoply of reasons why Plaintiff has failed to state a valid claim:

(a) Plaintiff's Complaint states "On or about June 5, 2007, Red Box informed Plaintiff that the reason for the delay in the issuance of the title policy was because Red Box had to "fix" the title." (Complaint, ¶ 27). Defendants' mischaracterize that allegation of fact when they argue that Plaintiff admits that title to the Property was "fixed" by the settlement agent, Red Box. Motion at 7. In fact Plaintiff admits no such thing; Plaintiff is simply relaying what was told to her by the settlement agent. As specifically pled in the Complaint, Defendants did not have title to subject premises on the date of conveyance, and purposely and knowingly failed to disclose this fact. (Id., ¶ 58).

(b) The Court should encourage Defendants to reread the Complaint at ¶ 16, which unambiguously states: "On or about October 30, 2006: (a) Homes Are US, Inc. performed a home inspection of Unit #3 of Rhode Island Avenue N.W. on Plaintiff's behalf; (b) Homes Are US, Inc. issued an inspection report which it provided to Weichert Realtors; and (c) Weichert Realtors faxed this report to Defendant Mashaallah Ebrahimian". Item #11 of this inspection report states: "Side rails to circular stairs off balcony do not conform

to current safety standards. Investigate to determine if units have been inspected by City. *Major Safety Hazard*". The reason the stairs are unsafe is because they do not conform to current safety standards, a fact that Defendants knew or would have known if they had had the units inspected by the City, as required by law.

(c) Prior to making false allegations about the certificate of occupancy, Defendants and their counsel should familiarize themselves with the District of Columbia Municipal Regulations, about which they clearly lack even basic knowledge and understanding. A Certificate of Occupancy (C of O) is a document that certifies that the use of a **building** complies with Zoning regulations and Building Codes, and, as Defendants and their counsel apparently do not know, individual units in an apartment building do not require Certificates of Occupancy. A new Certificate of Occupancy is required for new building construction or changes in ownership, occupancy load or use. See, 12 DCMR § 118.

(d) Defendants claim that Plaintiff has failed to allege that the Unit is not fit for habitation. Motion at 7. However, once again, a reading of the DCMR would have revealed that: No person shall use any structure, land, or part thereof for any purpose other than a one-family dwelling until a Certificate of Occupancy has been issued to that person stating that the use complies with the Zoning Regulations and related building, electrical, plumbing, mechanical and fire prevention requirements. See, 12 DCMR § 118.

(e) Next Defendants claim that Plaintiff has failed to allege how failure to obtain a variance has damaged her. Id. The Zoning Regulations of the District of Columbia set forth minimum requirements for "the promotion of the public health, safety, morals, convenience, order, prosperity and general welfare". See 11 DCMR § 101.1. By not obtaining a variance, Defendants have failed to meet these minimum requirements.

For all of these reasons Defendants motion with regard to this Count must be denied.

**Count IV – BREACH OF IMPLIED DUTY OF GOOD FAITH AND FAIR DEALING**

Defendants' sole argument with regard to this Count is that Plaintiff has failed to bring a valid contract claim. As Plaintiff has brought a valid breach of contract claim and easily satisfied the pleading requirements of Rule 8, Defendant's motion to dismiss regarding this count must be denied.

**Count VI -NEGLIGENCE**

Defendants allege that Plaintiff has not established that Defendants owed her a common law duty of care. Plaintiff readily acknowledges that in order to prevail on a negligence claim, the alleged tortfeasor must owe her some duty of care. That duty may derive from statute or regulations. See, e.g., Odemns v. District of Columbia, 930 A.2d 137, 143 (D.C. 2007).

DC Code § 42-1904.04(a) states:

> A public offering statement shall disclose fully and accurately the characteristics of the condominium and the units therein offered and shall make known to prospective purchasers all unusual and material circumstances or features affecting the condominium.

Defendants therefore had an affirmative duty derived from this statute.

D.C. Code § 28-3904 states in part that:

> It shall be a violation of this chapter, whether or nor any consumer is in fact misled, deceived or damaged thereby, for any person to:
>
> (a) represent that goods or services have a source, sponsorship, approval, certification, accessories, characteristics, ingredients, uses, benefits, or quantities that they do not have; …
> (h) advertise or offer goods or services without the intent to sell them or without the intent to sell them as advertised or offered; …

The DC Consumer Protection Procedures Act thereby creates a duty for Defendants to exercise reasonable care in the marketing, selling, advertising and otherwise promoting of the condominium unit to Plaintiff, a duty they breached. (Complaint, ¶ 76).

**Count VII-NEGLIGENT MISREPRESENTATION**

Defendants allege that Plaintiff is pleading fraud in the inducement instead of negligent misrepresentation. While indeed Plaintiff may yet plead an additional cause of action in fraudulent inducement, Plaintiff has pled negligent misrepresentation in Count VII.

To establish negligent misrepresentation under District of Columbia law, the plaintiff must prove: (1) a false statement or omission of fact which the defendant had a duty to disclose, (2) involving a material issue, (3) on which the plaintiff reasonably relied to her detriment. Anderson v. USAA Cas. Ins. Co., 221 F.R.D. 250, 254 (D.D.C. 2004).

**(1) a false statement or omission of fact which the defendant had a duty to disclose.**

Defendants made the following false statements:

- All renovation and alteration work to 51 Rhode Island Avenue, a Condominium, was and is being performed by the Declarant (Rimcor, LLC) in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors. (Complaint, ¶ 13).

Defendants failed to disclose the following material facts:

- Defendants did not have title to the premises on the date of settlement; (Complaint, ¶ 67)
- Defendants did not have a certificate of occupancy for subject premises; (Id, ¶ 67)
- The home inspection contingency clause in the Contract had never been complied with as no District of Columbia inspector had ever inspected the side rails of the balcony; (Id, ¶ 67)
- The subject premises were never inspected by DCRA in compliance with D.C. Municipal Regulations; (Id, ¶ 67)

- The subject premises was originally a single family dwelling that was converted into a 4-unit multiple dwelling; (Id, ¶ 67)
- Defendants did not have a variance for the subject premises to be a 4-unit multiple dwelling. (Id, ¶ 67).

Defendants had a duty to disclose:

- Defendants owed Plaintiff a duty to exercise reasonable care to ensure that the disclosures contained in the Public Offering Statement were complete and accurate and included all unusual and material circumstances affecting the condominium. Defendants owed Plaintiff a duty to exercise reasonable care in the marketing, selling, advertising and otherwise promoting of the condominium unit to Plaintiff. (Id, ¶ 82).

*See also*, pg. 12, supra, for establishment of Defendants' duty of care to Plaintiff.

**(2) involving a material issue**

"A representation is material if it reasonably influences a plaintiff to take action he or she may have refrained from taking if aware of the actual facts". C & E Services, Inc. v. Ashland, Inc., 498 F.Supp.2d 242, 258 (D.D.C. 2007).

Plaintiff was reasonably influenced to purchase the subject premises based upon:

- Defendant's sworn statement that "All renovation and alteration work to 51 Rhode Island Avenue, a Condominium, was and is being performed by the Declarant in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors." (Complaint, ¶ 13).

Plaintiff may have refrained from purchasing subject premises if Defendants had disclosed the following material facts:

- Defendants did not have title to the premises on the date of settlement; (Complaint, ¶ 67).
- Defendants did not have a certificate of occupancy for subject premises; (Id., ¶ 67).
- The home inspection contingency clause in the Contract had never been complied with as no District of Columbia inspector had ever inspected the side rails of the balcony; (Id., ¶ 67).
- The subject premises were never inspected by DCRA in compliance with D.C. Municipal Regulations; (Id., ¶ 67).

- The subject premises was originally a single family dwelling that was converted into a 4-unit multiple dwelling; (Id., ¶ 67).
- Defendants did not have a variance for the subject premises to be a 4-unit multiple dwelling. (Id., ¶ 67).

**(3) on which the plaintiff reasonably relied to her detriment.**

DC Code § 42-1904.02(a) states in relevant part:

> Neither declarant nor any person on behalf of declarant may offer or dispose of any interest in a condominium unit located in the District of Columbia...prior to the time the condominium including such unit is registered in accordance with this chapter.

DC Code § 42-1904.02(b) states in relevant part:

> During any period when registration of a condominium is required by this chapter or until the time that all units in the condominium have been initially disposed of to the bona fide purchasers, a declarant may not dispose of any interest in a condominium unit not previously disposed of unless there is delivered to the purchaser a current public offering statement by the time of the disposition.

DC Code § 42-1904.02(d) states in relevant part:

> A declarant shall be liable under this chapter for any false or misleading statement in a public offering statement or for any omission of a material fact.

The Public Offering Statement contains the following affidavit:

- Mashaallah Ebrahimian, being duly sworn deposes and says: that the statements herein contained and the documents submitted are, to the best of his knowledge and belief, true and complete and that Rimcor L.L.C. is the developer of the condominium project described herein, and that he is the developer herein." (Complaint, ¶ 13).

The Statement further provides that:

- (a) "District of Columbia law requires that the original seller of condominium units disclose fully and accurately the characteristics of the condominium units being offered for sale;" (Id., ¶ 13)
- (b) "All renovation and alteration work to 51 Rhode Island Avenue, a Condominium, was and is being performed by the Declarant in accordance with applicable zoning ordinances, building codes, housing codes and similar laws

affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors;" (Id., ¶ 13).

In addition,

- Prior to settlement, Plaintiff was informed by Weichert Realtors, who was informed by Mashaallah Ebrahimian that <u>all</u> inspection items had been complied with. (Id, ¶ 17).

Plaintiff's Complaint alleges the following which the Court must accept as true on Defendants' motion to dismiss:

- Plaintiff reasonably relied on these omissions and fraudulent misrepresentations. Based upon Defendants' misrepresentations and omissions, Plaintiff reasonably believed that she was purchasing a condominium that was constructed in conformity with the zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors. (Id, ¶ 73).
- Based upon Defendants' misrepresentations and omissions, Plaintiff reasonably believed that she was purchasing a condominium which existed as part of the original construction of cited premises circa 1901. (Id.).

## DAMAGES

Defendants repeatedly allege in their motion that Plaintiff has not *proven* damages. However, "The filing of a motion pursuant to Rule 12(b)(6) does not call upon the plaintiff to offer his proof. All that is required when we test the sufficiency of the complaint is a short and plain statement of the claim showing that the pleader is entitled to relief. Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. <u>In re Estate of Curseen</u>, 890 A.2d 191, 193-194 (D.C. 2006). Though Rule 9(b) requires fraud to be stated with particularity, reading these two provisions together normally means that the pleader must state the time, place and content of the false misrepresentations, the fact misrepresented and what was retained or given up

as a consequence of the fraud. Kowal v. MCI Communications Corp., 16 F.3d 1271, 1278 (C.A.D.C., 1994).

Plaintiff's Complaint alleges the following which the Court must accept as true on Defendants' motion to dismiss:

- Based upon Defendants' misrepresentations and omissions, Plaintiff reasonably believed that she was purchasing a condominium that was constructed in conformity with the zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors. (Complaint, ¶ 73).
- Based upon Defendants' misrepresentations and omissions, Plaintiff reasonably believed that she was purchasing a condominium which existed as part of the original construction of cited premises circa 1901. (Id.).
- As a direct and proximate result of Defendant's failure to disclose and material misrepresentations, Plaintiff has suffered damages. (Id., ¶ 74).

Accordingly, Plaintiff has satisfied the requirements for pleading damages in all counts of the Complaint.

**PUNITIVE DAMAGES**

**Count III – Breach of Contract**

Defendants allege that punitive damages are not available pursuant to a breach of contract claim. While this is the general rule in the District of Columbia, an exception occurs allowing punitive damages, where the alleged breach of contract merges with, and assumes the character of, a willful tort. Brown v. Coates, 253 F.2d 36, 39 (D.C.Cir. 1958). "The District of Columbia's exception to the general prohibition on punitive damages for contract claims applies most often if the breach of contract merges with an independent, recognized tort, such as IIED or fraud". Fireman's Fund Ins. Co. v. CTIA, 480 F. Supp.2d 7, 13 (D.D.C., 2007). Defendants' material breach of the contract assumed the character of the tort of fraud as the breach was the result of Defendants' fraudulent misrepresentations

and omissions and was caused by the Defendants' deceptive conduct; therefore, punitive damages should lie in this case. However, as discussed *supra*, pg. 18, a Rule 12(b)(6) motion is not the place to decide this issue.

**Count I – Violation of the D.C. Consumer Protection Procedures Act**

Punitive damages are expressly authorized by the D.C. Consumer Protection Procedures Act [*see* D.C.Code § 28-3905(k)(1)]. In fact, the very case in which Defendants rely in their motion states "The District of Columbia Consumer Protection Procedures Act affords a panoply of strong remedies, including treble damages, *punitive damages* and attorneys' fees…". District Cablevision Ltd. P'ship v. Bassin, 828 A.2d 714, 717 (D.C. 2003) (emphasis added). As punitive damages are expressly authorized by statute, Defendants motion to dismiss with regard to punitive damages for Count I must be denied.

**Count V – Fraud and Count VII Negligent Misrepresentation**

Punitive damages are warranted when the defendant commits a tortious act accompanied with fraud, ill will, recklessness, wantonness, oppressiveness, wilful disregard of the plaintiff's right, or other circumstances tending to aggravate the injury. Jonathan Woodner Co. v. Breeden, 665 A.2d 929, 937 (D.C. 1995). Defendants' continuous misrepresentations and omissions were made with a wilful disregard of Plaintiff's rights. For example,

- Defendants warranted that "all renovation and alteration work was and is being performed in accordance with applicable zoning ordinances, building codes, housing codes and similar laws affecting the Condominium, or as otherwise approved by District of Columbia housing inspectors." That warranty was false, and Defendants intentionally made that warranty while knowing it was false. (Complaint, ¶ 51).

Additionally,

- Contrary to Defendants' affidavit that the Public Offering Statement is true and complete, the Statement that Defendants submitted to the Government of the District of Columbia and to Plaintiff contained material omissions and material misrepresentations of fact, in violation of the Condominium Act. Defendants were aware of these omissions and misrepresentations at the time they were submitted. (Id, ¶ 53).
- Plaintiff entered into a contract with Defendant pursuant to which Plaintiff agreed to pay Defendant $369,000.00 and Defendant agreed to sell to Plaintiff a condominium unit as represented in the Public Offering Statement. (Id, ¶ 57).

Assuming that these factual allegations are true as this Court is required to do, on Defendant's Motion to Dismiss, Defendant's motion with regard to punitive damages must be denied.

**MISCHARACTERIZATION**

Defendants' characterization to this Court of Plaintiff as an attorney is intentionally misleading. On October 22, 2007, in response to counsel's request for an extension of time within which to answer Plaintiff's complaint, Plaintiff informed counsel that Plaintiff was not admitted to practice law before the Courts of the District of Columbia and hence was proceeding *pro se*. Moreover, Plaintiff has never before litigated a case, either in practice or on her own behalf.

## CONCLUSION

For all these reasons, Defendants' Motion To Dismiss should be denied. A proposed form of Order is attached.

Respectfully submitted,

Keely D. Parr, *Pro se*
51 Rhode Island Avenue NW, #3
Washington, D.C, 20001
925-890-9452

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing opposition to Defendants Mashaallah Ebrahimian and Rimcor LLC's motion to dismiss was served by first-class mail, postage prepaid, this 18th day of December, 2007 to David D. Hudgins, Esq., Juliane C. Miller, Esq., at Hudgins Law Firm, 515 King Street, Suite 400, Alexandria, Virginia 22314 and to Robert C. Gill, Esq., Shannon H. Bates, Esq. at Saul Ewing, LLP, 2600 Virginia Avenue, N.W., Suite 1000, The Watergate, Washington, DC 20037.

Keely D. Parr, *Pro se*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

*************************************
**KEELY D. PARR,** *
*
**Plaintiff** *
*
**v.** * **Civil Action No.: 1:07-cv-01718 PLF**
*
**MASHAALLAH EBRAHIMIAN, et al.,** *
*
**Defendants.** *
*
*************************************

**ORDER DENYING DEFENDANTS MASHAALLAH EBRAHIMIAN AND RIMCOR LLC'S MOTION TO DISMISS**

WHEREFORE, upon consideration of Defendants' Motion To Dismiss and Plaintiffs' Opposition thereto, it is this ______ day of ____________, 2007, hereby,

ORDERED, that Defendants' Motion To Dismiss be, and the same hereby is, DENIED.

It is so Ordered.

______________________________________
The Honorable Paul L. Friedman
Judge, United States District Court for the District of Columbia

Keely D. Parr
51 Rhode Island Avenue NW, #3
Washington, DC 20001
Telephone: 925-890-9452

Copies to:

Robert C. Gill, Esq.
Shannon H. Bates, Esq.
SAUL EWING, LLP
2600 Virginia Avenue, N.W.
Suite 1000 – The Watergate
Washington, DC 20037-1922
Telephone: 202-295-6605

David D. Hudgins, Esq.
Juliane C. Miller, Esq.
HUDGINS LAW FIRM
515 King Street, Suite 400
Alexandria, Virginia 22314
Telephone: 703-739-3300