IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KEELY D. PARR, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MASHAALLAH EBRAHAMIAN, et al., )<br>)<br>Defendants. ) | Civil Action No. 1:07-cv-01718 (PLF) |

**DEFENDANTS MASHAALLAH EBRAHIMIAN AND RIMCOR, LLC'S REPLY TO
PLAINTIFF'S OPPOSITION TO THEIR MOTION TO DISMISS**

Defendants Mashaallah Ebrahimian ("Ebrahimian") and Rimcor, LLC ("Rimcor") (Ebrahimian and Rimcor shall be collectively referred to as "Defendants"), by counsel, submit the following in support of their reply to Plaintiff's opposition to Defendants' motion to dismiss:

Plaintiff, an attorney, wholly fails in her Opposition to address the arguments or authorities presented in Defendant's Motion to Dismiss and their Memorandum in Support of Their Motion to Dismiss (the Memorandum in Support of Their Motion to Dismiss shall be referred to hereinafter as the "Motion to Dismiss"). Plaintiff's failure is fatal, because she completely ignores the applicable standard that her pleading must fulfill, and because she apparently does not recognize the deficiencies in her pleading.[1]

In order to plead a valid claim at this initial stage, a plaintiff must allege sufficient facts to prove liability and damages. Plaintiff has failed to allege even that she has been damaged beyond her conclusory statements throughout her Complaint that "[a]s a direct and proximate result of [Defendants' purported conduct], Plaintiff has sustained damages", (Complaint at ¶¶ 48

---

[1] At the same time, however, Plaintiff makes a number of factual allegations in her Opposition that are not contained in the Complaint (See, e.g., Opposition at p. 14). Defendants do not address the substance of these new factual allegations because, as stated, these allegations are not contained in the Complaint. In raising these new factual allegations, Plaintiff tacitly is admitting that her Complaint is deficient, since she had to rely on information outside of the Complaint to respond to the Motion to Dismiss.

and 54), and "[a]s a direct and proximate result of [Defendants' purported conduct], Plaintiff has suffered damages" (Complaint at ¶¶ 59, 64, 74, 80 and 91). [2] As Bell Atlantic Corp.v. Twombly, 127 S. Ct. 1955 (2007) instructs, these conclusory assertions are insufficient to state a valid claim. Id. at 1964 - 66.  Because Plaintiff has completely failed to allege any cognizable injury, Plaintiff lacks standing to bring the claims she has brought before the Court.  See, e.g., Burleson v. United Title & Escrow Co., 484 A.2d 535, 537 (D.C. 1983) ("It is an elementary matter of jurisprudence that an individual must have standing in order to maintain an action.  Basic to standing is the requirement that the individual be injured in fact by the conduct of the other party.").  For these reasons alone, Plaintiff's Complaint should be dismissed.

Plaintiff additionally has failed to state a valid claim because she has not alleged sufficient facts to show that Defendants are legally liable to her for the following reasons:

**I.      The Consumer Protection Procedures Act Claim (Count I)**

Plaintiff contends that because Count I of the Complaint references the D.C. Consumer Protection Procedures Act (the "Consumer Protection Act"), and is characterized as a violation thereof, it is absolutely a claim for the violation of the Consumer Protection Act without anything more.  This simply is not the case.  The District of Columbia Court of Appeals has made clear that a court is not bound by a plaintiff's characterization of a claim.  Instead, the substance of the allegations determines the claim that is asserted.  See Morfessis v. Baum, 281 F.2d 938, 940 (D.C. 1960) (finding that, despite plaintiff's labeling of the action as one for abuse

---

[2] Plaintiff incorrectly states in the Opposition that Defendants "repeatedly allege [in their motion to dismiss] that Plaintiff has not *proven* damages." (Opposition at p. 19) (emphasis in the original). Plaintiff then continues to argue the basic tenet that a plaintiff is not obligated to *prove* damages at this initial pleadings stage. (See Complaint at pp. 19 – 20).  As Defendants' motion to dismiss reveals, Defendants do not argue that Plaintiff has not *proven* her damages.  Defendants consistently note that Plaintiff has utterly failed to allege *how* she has been damaged.  (Defendants' Memorandum in Support of Their Motion to Dismiss ("Motion to Dismiss") at pp. 4, 6, 8 & 9).

of process, plaintiff actually plead a claim for malicious prosecution). See also, e.g., Zanford v. Nat'l Assoc. of Securities Dealers, Inc., 19 F. Supp. 2d 4, 8 (D.D.C. 1998) ("It is well-established that a plaintiff's characterization of his claim is not necessarily controlling.").

As discussed in Defendants' Motion to Dismiss, Plaintiff's Count I is based on fraudulent misrepresentations and fraudulent concealment. (See Complaint at ¶¶ 45 and 46). Plaintiff acknowledges that she has asserted claims for actual and constructive fraud (Opposition at pp. 4 – 5). For those reasons already set forth in Defendants' Motion to Dismiss, Plaintiff's Count I should be dismissed. Plaintiff has failed to allege fraud with sufficient specificity, for example, by saying Defendants made misrepresentations in the public offering statement, but without setting forth exactly how Defendants made such misrepresentations. (Motion to Dismiss at pp. 3 – 6). Plaintiff also cannot show reasonable reliance, and she attempts to rest another claim on the imprecise boundaries of the generic term "renovated."

Moreover, Plaintiff's Count I fails to adequately plead a claim even if Count I *is* a claim for violation of the Consumer Protection Act. Although the Consumer Protection Act provides that certain conduct violates the Act "whether or not any consumer is in fact . . . damaged thereby . . . .", this language does not confer standing on a party that cannot and does not allege injury. Hoyte v. Yum! Brands, Inc., 489 F. Supp. 2d 24, 28 (D.D.C. 2007) (finding that plaintiff "must present an actual or threatened injury-in-fact to have standing to raise his [] claims [pursuant to the Act] . . . ."). In the instant case, Plaintiff has merely concluded that Defendants' purported violation(s) of the Act have caused Plaintiff to "sustain[] damages." (Complaint at ¶ 48). This conclusory allegation is insufficient to confer standing on Plaintiff under the Consumer Protection Act, and Count I should be dismissed for this additional reason.

## II.     The D.C. Condominium Act Claim (Count II)

Notwithstanding Plaintiff's protestations, Plaintiff has failed to articulate a valid, independent claim flowing from Defendants' alleged violation of the D.C. Condominium Act (the "Condo Act"). The Condo Act may confer standing on a litigant, but it does not provide the basis for multiple recovery of damages pursuant to the same conduct like Plaintiff has alleged throughout the Complaint. The District of Columbia Court of Appeals acknowledged this in Dresser v. Sunderland Apts. Tenants Assoc., Inc., 465 A.2d 835, 839 (D.C. 1983), when it stated:

> Underlying each count of appellant's amended complaint was the asserted misrepresentation of the [Public Offering Statement] relative to the prospective, qualified, non-residential use of condominium units. But as the trial court properly found in its well crafted opinion, despite the varied language with which the several counts were cloaked, the complaint presented in essence a claim of common law fraud.

Id. The Court then noted that "Appellant's claim that the [Condo Act] provides remedies additional to those of the common law are incorrect. At most, the Act provides standing to sue for noncompliance with its provisions." Id. 465 A.2d at 839 n.14. Accordingly, while the Condo Act may provide the vehicle for Plaintiff to bring her claim, she cannot seek to "double dip" concerning damages by alleging violation of the Condo Act as a separate and distinct claim. This claim should be dismissed.

## III.    The Breach of Contract Claim & The Breach of Implied Duty of Good Faith and Fair Dealing Claim (Counts III & IV)

In her Opposition, Plaintiff maintains that an exception to the merger doctrine exists that makes it possible for her to bring a breach of contract claim. (See Opposition at pp. 12 – 13). As pointed out by Defendants in their Motion to Dismiss, however, Plaintiff fails to articulate how this exception applies to her in the instant matter. (See Opposition at pp. 12 – 15). Merely highlighting that an exception could exist is not the equivalent of meeting one's pleading standard. Plaintiff has failed to articulate how Defendants allegedly breached the sales contract,

how she was damaged by any of those alleged breaches, or why such yet-to-be articulated claims fall within the exception to the merger doctrine.

For example, Plaintiff's allegations concerning a defect in title to the property at issue reflect that (1) if any problem with title existed, it was the fault of the settlement company and not Defendants; and (2) the alleged problem has been fixed. Plaintiff cannot maintain any breach of contract action against Defendants for the admitted mistake of another. Plaintiff's continual attempt to blame Defendants for these admitted acts of another violates Federal Rule of Civil Procedure 11 ("Rule 11") and, in the very least, Plaintiff should not be allowed to maintain a claim based on an alleged defect in title. Although Plaintiff is a *pro se* litigant in this matter, she is an attorney who should be more than familiar with her obligation to comply with Rule 11.

The only specific information Plaintiff provides with respect to Defendants' alleged failure to have the District of Columbia inspect the property at issue is a comment made in a home inspection report that states "[s]ide rails to circular stairs off balcony do not conform to current safety standards. Investigate to determine *if* units have been inspected by City." (Opposition at pp. 13 – 14) (emphasis added)[3]. Based on this comment from a home inspector with unknown qualifications, Plaintiff seems to assume no inspection of the rail was ever done, but she cannot in good faith allege that such an inspection was not done. The party who drafted the document referenced admitted it did not know whether an inspection was done. Plaintiff's breach of contract claim should be dismissed accordingly.

Because Plaintiff has failed to articulate a valid breach of contract claim, she is precluded from bringing a breach of implied duty of good faith and fair dealing claim. (See Motion to

---

[3] Defendants note that this additional information concerning the alleged home inspection report is not contained in the Complaint. Despite Defendants' representation that it would not address those factual allegations that are new, Defendants have done so in this limited context to highlight the severe problems Plaintiff has with her breach of contract claim.

Dismiss at pp. 7 – 8 (citing Hill v. Medlantic Health Care Group, Nos. 05-CV-776 & 05-CV-80, 2007 D.C. App. LEXIS, at *44 (D.C. Oct. 4, 2007), and Kerrigan v. Britches of Georgetown, Inc., 705 A.2d 624, 627 (D.C. 1997)).  Count IV for this latter claim should be dismissed also.

## IV.    Fraud In The Inducement (Count V)

As Defendants address in their Motion to Dismiss (p. 8), while Plaintiff characterized Count VII as a claim for negligent misrepresentation it, in reality, asserts a claim for fraud as does Count V.  As claims sounding in fraud, these claims are deficient for the same reasons set forth in Section I above and they should be dismissed.

## V.    Negligence (Count VI)

In her opposition, Plaintiff cites to a portion of the Consumer Protection Act and to the Condo Act.  (Opposition at p. 15).  To the extent that Plaintiff is relying on the Consumer Protection Act to assert a negligence claims against Defendants, Plaintiff's reliance is misplaced.  Plaintiff has already brought a Consumer Protection Act claim against Defendants in Count I and as discussed in Section I above.  Plaintiff has also brought a claim under the Condo Act in Count II.  Plaintiff's negligence claim should be dismissed accordingly.

Further, even if a negligence claim could lie, Plaintiff fails to assert such a claim with enough specificity to show that she is entitled to relief.  Plaintiff continues to maintain that Defendants owe her a duty and that they breached such a duty by failing to disclose certain information or do certain things (see Complaint at ¶ 78), but she has not alleged any injury beyond her conclusory allegation that "[a]s a direct and proximate result of Defendants' breaches of their duty of care, Plaintiff suffered damages." (Complaint at ¶ 80).  Plaintiff has failed to allege adequately an element of a negligence claim and Count VI should be dismissed.  (See, e.g., Odemns v. District of Columbia, 930 A.2d 137, 143 (D.C. 2007) (stating that "[g]enerally,

to establish negligence, a plaintiff must prove 'a duty of care, breach of that duty, and injury proximately caused by that breach.'") (quoting Kerrigan v. Britches of Georgetown, Inc., 705 A.2d 624, 628 (D.C. 1997) (citation omitted in the original)).

## VI.     Punitive Damages

In her Opposition, Plaintiff maintains that pursuant to an exception to the general rule, a plaintiff may recover punitive damages on a breach of contract claim. (See Opposition at pp. 20 – 21). Plaintiff fails to articulate how this exception applies to her in the instant matter because, as discussed in the Motion to Dismiss (see Motion to Dismiss at pp. 9 - 10), a claim for punitive damages is subject to a heightened pleading and proof standard. In order to recover punitive damages, a defendant must act "with evil motive, actual malice, or in willful disregard for the rights of the plaintiff" coupled with "egregious" conduct. See District Cablevision Ltd. P'ship v. Bassin, 828 A.2d 714, 725 – 26 (D.C. 2003). Plaintiff's claims on which she seeks punitive damages do not meet this heightened standard (see Complaint at ¶¶ 46, 51, 53, 58, 67 – 71, and 83 – 86). Accordingly, these punitive damages claims do not show entitlement to such relief and they should be dismissed.[4]

---

[4] This is also true for Plaintiff's punitive damages claim pursuant to the Consumer Protection Act. The mere fact that punitive damages may be recovered pursuant to the Consumer Protection Act does not satisfy Plaintiff's requirement to sufficiently plead an entitlement to such relief.

Respectfully submitted,

_____/s/_____
Robert C. Gill (DC Bar # 413163)
Shannon H. Bates (DC Bar # 480186)
Saul Ewing LLP
2600 Virginia Avenue, N.W., Suite 1000
The Watergate
Washington, D.C.  20037
(202) 295-6605 Tel.
(202) 295-6705 Fax

*Counsel for Defendants Mashaallah*
*Ebrahimian and Rimcor, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 14th day of January, 2008, a true and correct copy of the foregoing was served via electronic filing and first-class U.S. Mail postage-prepaid, upon:

Keely D. Parr
51 Rhode Island Avenue, NW
Unit #3
Washington, D.C. 20001
*Pro Se Plaintiff*

David D. Hudgins, Esq.
Juliane C. Miller, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314
*Counsel for Timothy Walker & Walker Group, LLC*

_____/s/_____
Robert C. Gill